PETITION OF DONALD E. ELDIWITW.

No. 11730.
Decided Aug. 25, 1969.
457 P.2d 909.

## MEMO OPINION

PER CURIAM:

This is an original proceeding wherein petitioner, Donald E. Eldiwitw, an inmate of Montana State Prison appearing pro se, asks this Court to issue a writ of habeas corpus discharging him from custody.

Petitioner contends among other things that his rights to due process were violated when, upon the date of his sentencing, the district judge first imposed sentence and then vacated the sentence and appointed counsel for petitioner, later sentencing him on the same conviction while he was represented by counsel.

The trial court records show that petitioner was arraigned on December 20, 1968, in Yellowstone County, Montana, where he entered a plea of guilty to the crime of robbery. It appears from the record that the court took every opportunity to explain to petitioner that he had a right to an attorney and that the court would appoint one if he so desired. On January 9, 1969, the day set for judgment and passing sentence, the petitioner appeared without counsel and the court again explained to him concerning his rights to counsel and the petitioner again refused to have an attorney appointed to represent him. The following colloquy then took place:

"THE COURT: It will be the judgment of the Court that you be imprisoned in the State Penitentiary at Deer Lodge, Montana, for a term of ten years. It is further ordered that the time that you have heretofore served in the County Jail will be credited upon that sentence. Now having imposed sentence, I will ask you again whether you want to withdraw your plea of guilty and whether you want the Court to appoint an attorney to represent you?

"THE DEFENDANT: Ten years is a long time.

"THE COURT: You have previously stated on at least 2 or 3 occasions that you didn't want an attorney?

"THE DEFENDANT: Yes, sir.

"THE COURT: I have given you every opportunity to be represented by an attorney and I have told you I would appoint an attorney to represent you if you asked me to.

"THE DEFENDANT: Yes, sir, you did.

"THE COURT: Now I have just sentenced you to ten years in the State Penitentiary and I will ask you again, whether you want to have an attorney appointed to represent you?

"THE DEFENDANT: I just can't stand here and let you give me ten years without trying something, so it's possible I would like to have an attorney, yes, sir.

"THE COURT: I see. Very well. The pronouncement of judgment is now vacated, the Court will appoint an attorney to represent the defendant and the time for pronouncement of judgment is now fixed for Thursday, the 16th day of January, 1969, at 11 o'clock a.m. And I might say to you that I consider this judgment of imprisonment of ten years for armed robbery to be the minimum which can be pronounced for an offense of that kind, but since you wish to have an attorney represent you and since you are entitled to be so represented, the Court will appoint an attorney and will again take this matter up a week from today. * * *."

On the return day the following took place:

"THE COURT: In cause No. 7628, the State of Montana versus Donald Evert Eldiwitw, a report has been received from the authorities at the Montana State Hospital at Warm Springs and from that report it appears that the defendant is entirely competent. The time for pronouncement of judgment was continued until the report of the authorities at the State Hospital was received, and the defendant and his counsel now being present and R. C. Letcher, Deputy County Attorney being also present, I will inquire of counsel for both parties as to whether there is any further time desired before pronouncement of judgment."

██ ·It is quite evident from the foregoing that the intention of the court was to vacate the sentence imposed and continue the case for a week so that petitioner could be represented by counsel. It is also quite obvious that the court never intended to vacate the judgment of conviction for the crime committed. Although the choice of words used by the court may have been inappropriate, nevertheless the idea involved was well taken by all of the parties.

Section 95-2716, R.C.M.1947, provides: "A person may not be released on a writ of habeas corpus due to any technical defect in commitment not affecting his substantial rights." The petitioner here would now have this Court set him free because of a mere technical defect, if that is what it is, which in no way affects his substantial rights. This we cannot and will not do. While habeas corpus relieves from illegal custody, it is no part of its function to absolve any one from the penalty of his guilt.

Petitioner sets forth other reasons for the writ including, (a) the court failed to appoint counsel although petitioner was not intelligent enough to waive same; (b) counsel later appointed by the court was "ineffective"; (c) due process was denied him when the court ordered that he be sent to Warm Springs for a mental examination and he was not present at the hearing; (d) that a sentence of 10 years in prison for robbery is more than the state allows under section 94-115, R.C.M.1947.

██ We do not find merit in the above contentions. (a) The requirements of procedural due process have not yet been extended to that of requiring the court to appoint counsel in every criminal case even though defendant has specifically waived the appointment of counsel. In fact this contention is quite ludicrous here since the court went as far as to retract its judgment and the sentence imposed and continued the time for imposing the same in order that petitioner could be represented by counsel. (b) The now stagnant refrain of "in-

effective" counsel is not worthy of our discussion and therefore will not be discussed. (c) The record before this Court does not describe the type of hearing involved in which petitioner was sent to Warm Springs. But this is of little consequence since, under section 95-1904(b), R.C.M.1947, there is a conclusive presumption that defendant was present at all stages of the proceeding unless the record affirmatively shows the contrary. (d) Section 94-4303, R.C.M.1947, provides the penalty for robbery to be not less than one year stating no maximum penalty. Since there is no maximum penalty stated it is presumed that a person may be incarcerated for a lifetime on a conviction of robbery. Most certainly the catch-all statute, section 94-115, R.C.M.1947, does not apply since it merely provides penalties for crimes not otherwise provided for in the statutes.

Finding no merit whatever in petitioner's contentions the writ is denied and the proceeding is dismissed.