Petition of MICHAEL BRYAN O'ROURKE

No. 11779.
Decided Nov. 10, 1969.
461 P.2d 1

Michael Bryan O'Rourke, pro se.

## MEMO OPINION

PER CURIAM.

Michael Bryan O'Rourke, an inmate of the State Prison appearing pro se, has filed with this Court a petition for a writ of habeas corpus.

From his petition it appears that he entered a plea of guilty on March 17, 1966, to an information which charged him with the crime of assault in count I and robbery in count II. He was sentenced on count I to a 5 year term in the state prison and this sentence is not questioned by petitioner. On count II he was sentenced to a 10 year term to run consecutively to the 5 year term. Petitioner states that he was at all times represented by counsel.

He contends that he has been sentenced to 5 years in prison in excess of the legal maximum sentence, in that:

1. Section 94-4303, R.C.M.1947, provides:

"Robbery is punishable by imprisonment in the state prison for a term not less than one year."

2. Section 94-115, R.C.M.1947, provides:

"Except in cases where a different punishment is prescribed by this code, every offense declared to be a felony is punishable by imprisonment in the state prison not exceeding five years."

3. Section 94-110, R.C.M.1947, provides:

"Whenever in this code the punishment for a crime is left undetermined between certain limits, the punishment to be infliced in a particular case must be determined by the court or by the jury authorized to pass sentence, within such limits as may be prescribed by this code."

Thus, petitioner argues, the maximum penalty for robbery is five years.

Recently in In re Petition of Eldiwitz, 153 Mont. 468, 457 P.2d 909, this same contention was raised and we stated:

"Section 94-4303, R.C.M.1947, provides the penalty for robbery to be not less than one year stating no maximum penalty. Since there is no maximum penalty stated it is presumed that a person may be incarcerated for a lifetime on a conviction of robbery. Most certainly the catchall statute, section 94-115, R.C.M.1947, does not apply since it merely provides penalties for crimes not otherwise provided for in the statutes."

. We wish to add here that the statutory reason section 94-115, R.C.M.1947, does not apply is that section 94-4718, R.C.M.1947, covers the situation here prevailing. This section provides:

"Whenever any person is declared punishable for a crime by imprisonment in the state prison for a term not less than any specified number of years, and no limit to the duration of such imprisonment is declared, the court authorized to pronounce judgment upon such conviction may, in its discretion, sentence

such offender to imprisonment during his natural life, or for any number of years not less than that prescribed."

In State v. Stone, 40 Mont. 88, 105 P. 89, this Court dealt with a statute, Rev.Codes, § 8359, providing that:

" 'Every person who is guilty of the infamous crime against nature, committed with mankind or with any animal, is punishable by imprisonment in the state prison not less than five years.' "

In answering a similar contention in that case to the one here posed this Court stated:

"Since the minimum limit only is here fixed, the penalty for this crime may be extended to life, under the provision found in section 8902, [presently section 94-4718, R.C.M.1947, supra] for there it is expressly declared that 'the court authorized to pronounce judgment upon such conviction may, in its discretion, sentence such offender to imprisonment during his natural life, or for any number of years not less than that prescribed.' "

For these reasons there is no merit to the contention of petitioner and the writ sought is denied and the proceeding is dismissed.