No. 20,146.

Patricia Ann Buhler v. The People of the State of Colorado.

(377 P. [2d] 748)

Decided January 14, 1963.

Messrs. CADDES and CAPRA, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. J. F. BRAUER, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE HALL delivered the opinion of the Court.

ON February 7, 1961, the plaintiff in error, to whom we shall refer as Patricia, was named as defendant in an information filed in the District Court of the Second Judicial District, under C.R.S. '53, 60-1-13 (Cum. Supp.), wherein she is charged (in Criminal Action No. 47983) with the crime of forgery committed in the State of Illinois.

" * * * as defined by the statutes of the State of Illinois, in said State of Illinois, and has been charged in said State of Illinois with the commission of said crime, and has fled from justice in said State, and is believed now to be in this State; contrary to the form of the statute * * * ."

The crime is alleged to have been committed on September 7, 1960.

Patricia was arrested on February 7, 1961, pursuant to criminal capias issued in said action, and released on bond for appearance.

On March 3, 1961, there was filed in said case:

1. Petition of the district attorney of Whiteside

County, Illinois, for requisiton of Patricia directed to the Governor of the State of Illinois, wherein, among other things, it is set forth that Patricia "stands charged by the accompanying certified copy of *complaint and affidavit* with the crime of forgery * * * ." (Emphasis supplied.)

(a) Certified copy of aforementioned *complaint and affidavit* wherein Patricia is charged with the violation of Section 277, Chapter 38, of the Revised Statutes of Illinois, which section defines the crime of forgery. (Emphasis supplied.)

(b) Affidavit of Robert J. Buhler (husband of Patricia) wherein it is set forth that (1) Patricia was in Illinois at the time of the alleged crime of forgery, and that (2) she "forged his name to a deed to said real estate."

2. Section 277, of Chapter 38 of the Revised Statutes of Illinois.

3. Requisition of the Governor of Illinois directed to the Governor of the State of Colorado, demanding that Patricia be apprehended and delivered to designated agents of Illinois for return to that state.

4. Orders of the Governor of Colorado, dated February 24, 1961, directing the arrest of Patricia and her surrender to officers of Illinois for the purpose of removal from Colorado to Illinois.

On May 12, 1961, Patricia filed her petition for a writ of habeas corpus in the above mentioned "Criminal Action No. 47983," in which she appears as petitioner and the Sheriff of the City and County of Denver is named as respondent, wherein she asserts that the warrant for her arrest and surrender to authorities of Illinois, issued and directed by the Governor of Colorado, are in direct violation of C.R.S. '53, 60-1-3 (Cum. Supp.), illegal and void, and she is being unlawfully restrained of her liberty by the respondent.

The *respondent* made no answer to this petition; how-

ever, it appears that the *district attorney* filed his answer thereto, putting in issue many matters that were fully established by documents filed by him in the case.

Hearing was had on the issues made up by the petition and answer, the writ of habeas corpus was denied, and Patricia remanded to the custody of the sheriff to be released to the Illinois authorities for return to that state.

Petitioner is here by writ of error seeking reversal.

Petitioner specifies numerous reasons, many clearly without merit, why the extradition proceedings are void and the judgment erroneous. We need not pass on all of these alleged errors. One reason advanced is that the "complaint and affidavit" filed in the justice court in Illinois does not charge an offense under the revised statutes of the State of Illinois. With this contention we are in accord.

C.R.S. '53, 60-1-3 (1960 Cum. Supp.) provides:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging * * * that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied * * * by a copy of an affidavit made before a magistrate there, [Illinois] together with a copy of any warrant which was issued thereupon; * * * . The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; * * * ."

As pointed out above, there is attached to the demand of the Governor of Illinois a duly authenticated copy of the "complaint and affidavit" made before a magistrate in Illinois, together with a duly authenticated copy of the criminal statutes of Illinois governing the crime of forgery, including the aforementioned Section 277, Chapter 38, thereof. This statute provides that one who forges

the name of another: " * * * with intent to damage or defraud any person * * * shall be deemed guilty of forgery, * * * ."

Clearly, the mere signing of another's name to a document is no offense under that statute, and this is all that Patricia is charged with doing — she is not charged with delivering the document or acting with intent to damage or defraud anyone. More important than the act of signing is the intent and purpose in signing and what use is made of the false document.

In 37 C.J.S. 34, Forgery, §4, it is said: "An intent to defraud is the gist of the crime of forgery."

And at §49: "The indictment must allege intent to defraud unless the statute on which the prosecution is based dispenses with intent to defraud as an element of the offense or is silent as to intent."

The Illinois statute does not dispense with, nor is it silent as to intent, but expressly makes "intent to damage or defraud" a necessary element to constitute an offense.

The complaint against Patricia fails to state any offense. Such being the case, it was the duty of the Governor of Colorado to deny the demand of Illinois, as provided by C.R.S. '53, 60-1-3 (Cum. Supp.), supra.

To recognize the demand of Illinois the Governor of Colorado had to determine from the documents before him: (1) that Patricia was substantially charged with having committed a crime in Illinois — a question of law; and (2) that she was in Illinois at the time of the commission of the alleged crime — a question of fact.

In 22 Am. Jur. 259, Extradition, §21, it is said:

"In general, upon receipt of a requisition for interstate rendition, the governor of the asylum state has two questions to pass upon: (1) Is the person demanded substantially charged with a crime against the laws of the demanding state by indictment or affidavit before a magistrate? and (2) is the person a fugitive from the

justice of the demanding state? The first of these questions is one of law, while the second is one of fact. * * *."

From the papers presented by Illinois to Colorado it was not made to appear to the Governor of Colorado that the accused was "substantially charged with having committed a crime in Illinois."

In *People v. Fore,* 384 Ill. 455, 51 N.E. (2d) 548, the Supreme Court of the State of Illinois had before it for review a judgment and sentence entered after a plea of guilty to the crime of forgery, as defined by Section 277, Chapter 38, of the Illinois statute — the same statute that we have before us in this case. In holding the indictment did not charge an offense and that the judgment and sentence are without legal basis, that court stated:

" * * * To constitute the offense of forgery at common law and under section 105 of division I of the Criminal Code, Ill. Rev. Stat. 1943, *c. 38, §277,* there must be a false writing or alteration of an instrument, the instrument as written must be apparently capable of defrauding, and there must be an intent to defraud. * * * . Falsely signing another's name to an instrument without intent to defraud or deceive someone does not constitute the crime of forgery. * * * . Since intent to defraud is an essential element of the offense of forgery, an indictment which fails to charge fraudulent intent is fatally defective. * * * . Here, the indictment neither charges a general intent to defraud and prejudice nor a specific intent to defraud and prejudice a particular person.

* * *

"Where an indictment is insufficient, as here, to charge a public offense we must reverse the judgment of conviction notwithstanding the point was not raised in the trial court, as no waiver or consent by the defendant to a criminal prosecution can confer jurisdiction or authorize his conviction in the absence of an accusation charging him with a violation of the criminal law.

\* \* \* . The cause of action stated in the indictment is insufficient to sustain the judgment rendered, and the judgment, it follows, necessarily, is without a legal basis." (Emphasis supplied.)

The Supreme Court of Appeals of West Virginia, in *Cassis v. Fair*, 126 W. Va. 557, 29 S.E. (2d) 245, had before it for review an order discharging from custody an accused held under a warrant issued by the Governor of West Virginia in extradition proceedings initiated by the State of Ohio. In affirming the order of discharge the court among other things, said:

"Another question as to the validity of these proceedings requires consideration, namely, whether the indictment which lies at the foundation of extradition charges substantially against the accused any crime. It is not only the right, but the duty of the proper authorities of the asylum state, executive and judicial, to determine whether the accused is, in fact, charged with a crime in the demanding state. \* \* \* .

" \* \* \* The indictment fails to state an offense created by the statute; it describes no crime thereunder. \* \* \* .

"To be subject to extradition the accused must be charged with a crime in the demanding state, and this means that the charge standing against him must legally constitute a crime. A defective charge is no charge; a bad indictment is no indictment. \* \* \* . But, if the indictment or other charge of crime on which the requisition is founded wholly fails in any of the fundamental elements of the crime indicated, extradition should be refused. \* \* \* .

■ Holding, as we do, that the record before us does not show Patricia to be charged with any offense in Illinois, the recognition of extradition by the Governor of Colorado and the warrant for arrest issued pursuant thereto are within the inhibitions imposed by C.R.S. '53, 60-1-3 (Cum. Supp.) and without authority of law.

We again call to the attention of members of the bench and bar that habeas corpus is a civil proceeding, and that a defendant in a criminal case seeking the writ should file a civil suit wherein he appears as petitioner and the person restraining him is named as respondent. *Oates v. People,* 136 Colo. 208, 315 P. (2d) 196.

Here, a new party, the sheriff, was injected into the criminal case and the People omitted. Such procedure finds no sanction in the substantive or procedural laws of Colorado.

The judgment discharging the writ of habeas corpus is reversed and the cause remanded with directions to make the writ permanent and order the immediate release of Patricia from the custody of respondent.