No. 21707.

Alfred L. Capra, Manager of Safety and Excise, and Ex-Officio Sheriff of the City and County of Denver v. Thomas M. Ballarby.

(405 P.2d 205)

Decided August 30, 1965.

Duke W. Dunbar, Attorney General, John Moore, Assistant, Bert M. Keating, District Attorney, Gregory A. Mueller, Assistant, Patricia W. Wotkyns, Deputy, for plaintiff in error.

No appearance for defendant in error.

*In Department.*

Opinion by Mr. Justice Moore.

Pursuant to the provisions of C.R.S. 1963, 60-1-13, an information was filed in the district court of the City and County of Denver in which it was alleged that Thomas M. Ballarby had committed the crimes of reckless homicide and involuntary manslaughter in the State of South Carolina, as those offenses are defined by the statutes of that state, and that he was a fugitive from justice.

A warrant of extradition was issued by the Governor of Colorado and this, together with documents in support thereof, was filed with the district court on April 22, 1964. Ballarby filed a petition for a writ of habeas corpus on June 18, 1964, attacking the warrant of extradition on the ground, inter alia, that the supporting papers from South Carolina did not sufficiently charge the commission of a crime by him in that state. The writ issued and the respondent filed his return thereto.

A hearing on all issues was held on September 14, 1964. At the conclusion of the hearing the court ordered the writ made permanent and the petitioner discharged

from custody. In arriving at this conclusion the trial court stated:

"The record reflects that there is attached to the demand of the governor of South Carolina a duly authenticated copy of the 'complaint and affidavit' made before a magistrate in South Carolina.

"* * * From the papers presented by South Carolina to Colorado, it was not made clear to appear that Mr. Ballarby was 'substantially charged with having committed a crime in South Carolina.'

"The Court is of the opinion that the indictment before the magistrate in Pickens County of South Carolina does not substantially charge the person demanded with having committed a crime under the law of that state. *Buhler vs. People*, (1963) 151 Colo. 345, 377 P.2d 748."

The respondent, appearing by the attorney general, caused a writ of error to issue to review this judgment. After some difficulty in locating Ballarby, summons to hear errors was served on him in Fort Collins, Colorado. He has entered no appearance in this court.

A statute of South Carolina reads as follows:

"Every indictment shall be deemed and judged sufficient and good in law which, in addition to allegations as to time and place, as required by law, charges the crime substantially in the language of the common law or of the statute prohibiting the crime or so plainly that the nature of the offense charged may be easily understood and, if the offense be a statutory offense, that the offense be alleged to be contrary to the statute in such case made and provided."

An indictment in South Carolina is therefore sufficient if it charges the commission of a crime "substantially" in the language of the common law, or of the statute by which the prohibited conduct is made a crime.

Decisions of the Supreme Court of South Carolina indicate that the true test of the sufficiency of an indictment is not whether it could have been made more

definite and certain, but whether the language employed contains the necessary elements of the offense intended to be charged, and sufficiently apprises the accused of what he must be prepared to meet. *State v. McIntire,* 221 S.C. 504, 71 S.E.2d 410; *State v. Shirer,* 20 S.C. 392; *State v. Davis,* 88 S.C. 229, 70 S.E. 811.

Count one of the indictment against Ballarby reads as follows:

"* * * did commit the offense of Reckless Homicide in that the said Thomas M. Ballarby did operate a motor vehicle on, over and along the public highways of the County and State aforesaid in an unlawful reckless and wanton manner, and as a result of such reckless operation on the part of Thomas M. Ballarby the motor vehicle he was driving was wrecked causing one Boyd Dennis Burnett to receive mortal wounds of which the said Boyd Dennis Burnett did then and there die."

The statute upon which this charge is based is Title 46, Section 341, Code of Laws of South Carolina 1962, Reckless Homicide, and reads in part as follows:

"When the death of any person ensues within one year as a proximate result of injury received by the driving of any vehicle in reckless disregard of the safety of others, the person so operating such vehicle shall be guilty of reckless homicide. * * *"

Counsel for Ballarby contended in the trial court that by not using the wording of the statute in the indictment charging reckless homicide, namely, "in reckless disregard of the safety of others," the indictment did not substantially charge the petitioner with a crime.

In the Uniform Extradition Laws, as found in C.R.S. 1963, Chapter 60, it is stated in 60-1-3, in part, that the indictment, information or affidavit made before the magistrate must *substantially* charge the person demanded with having committed a crime under the law of that state.

In 22 Am. Jur. Extradition, § 21, it is stated:

"In general, upon receipt of a requisition for inter-

state rendition, the governor of the asylum state has two questions to pass upon: (1) Is the person demanded substantially charged with a crime against the laws of the demanding state by indictment or affidavit before a magistrate? and (2) Is the person a fugitive from the justice of the demanding state? The first of these questions is one of law, while the second is one of fact. * * *" In *State v. Wells,* 162 S.C. 509, 161 S.E. 177, the court stated that the general rule on this question is that the offense must be so described that the accused may know how to answer the charge, the court what judgment to pronounce, and conviction or acquittal thereon may be pleaded in bar to any subsequent prosecution.

██ It is obvious that the exact language of the statute is not used in the indictment. The words of the indictment are "in an unlawful, reckless and wanton manner," whereas the statutory language is, "in reckless disregard of the safety of others." We hold that the language of the indictment "substantially charged" the accused with a violation of the above-quoted statute. The trial court erred in holding otherwise.

Count two of the indictment, charging the petitioner with involuntary manslaughter, reads as follows:

"* * * did commit the offense of involuntary manslaughter in that the said Thomas M. Ballarby did operate a motor vehicle on, over and along the public highways of the County and State aforesaid in a careless and negligent manner, and as result of the careless and negligent operation of said motor vehicle, the said motor vehicle was wrecked causing one Boyd Dennis Burnett to receive mortal wounds of which the said Boyd Dennis Burnett did then and there die."

██ In South Carolina, involuntary manslaughter is a common law offense and included in the extradition papers is a definition adopted in the case of *State v. Clardy,* 73 S.C. 340, 53 S.E. 493. The indictment does not allege that the automobile was driven with "aggravated, culpable, gross" negligence, but that the motor

vehicle was operated in a "careless and negligent" manner. The trial court found that this charge was insufficient under South Carolina law.

The South Carolina courts have held that an automobile is considered a dangerous instrumentality and, therefore, only simple negligence is required to support a conviction of involuntary manslaughter. In the case of *State v. Caldwell*, 231 S.C. 184, 98 S.E.2d 259, quoting with approval *State v. Barnett*, 218 S.C. 415, 63 S.E.2d 57, the court stated:

"* * * 'It is clear from the foregoing decisions that in respect to the degree of negligence necessary to establish involuntary manslaughter at common law, we have classified motor vehicles as dangerous instrumentalities and have applied the "deadly weapon" rule, which requires only simple negligence.' * * *"

In determining the sufficiency of an indictment, it has been held that in an interstate rendition proceeding, the asylum state has no authority to pass on the technical sufficiency of an indictment. It has also been held that a governor's extradition warrant is prima facie evidence that all legal requirements have been complied with, and if the subject of extradition desires to attack the technical insufficiency of an indictment, he must do so in the demanding state. *Com. ex rel. Raucci v. Price*, 409 Pa. 90, 185 A.2d 523.

This court has stated that the provisions in the law regarding extradition should not be, "so narrowly interpreted, as to enable offenders against the laws of a state to find a permanent asylum in the territory of another state." *Travis v. People*, 135 Colo. 141, 308 P.2d 997.

The trial court in its finding cited as authority the Colorado case of *Buhler v. People*, 151 Colo. 345, 377 P.2d 748, which is distinguishable on the facts from this case. Buhler who was charged with the crime of forgery was not charged with delivering the document or acting with intent to damage or defraud anyone, but merely

with signing the name of another to a document. In construing the wording of the Illinois statute the essential element of the crime of forgery, namely, the intent to defraud, was lacking in the complaint, and thus this court held that there was no offense charged.

In this case, Ballarby was not charged in the exact wording of the statute nor of the language of the common law offense; but in view of the fact that the essential elements of the crime *were* charged, the trial court should have recognized from all the documents and supporting papers from the state of South Carolina, that the petitioner was substantially charged with the commission of a crime.

The judgment is reversed.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE SUTTON and MR. JUSTICE SCHAUER concur.