## No. 23482.

VYTAUTAS FINADAR BELIAJUS *v.* HOWARD K. PHILLIPS, MANAGER OF SAFETY AND EX-OFFICIO SHERIFF, CITY AND COUNTY OF DENVER, STATE OF COLORADO.

(460 P.2d 233)

Decided November 3, 1969.

LEON R. HETHERINGTON, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, ROBERT C. MILLER, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.*

PLAINTIFF in error will be referred to as the "petitioner." He is here on writ of error to review the judgment of the district court of the City and County of Denver which discharged the writ of habeas corpus issued upon his petition, and remanded him to the custody of the sheriff to be released to authorities of the state of Oregon for return to that state to answer to an indictment accusing him of the crime of sodomy.

The only argument presented to this Court as grounds for reversal of the judgment is that:

"The extradition papers are fatally defective in that plaintiff in error is not substantially charged with having committed the crime under the law of the state of Oregon as required by C.R.S. 1963, 60-1-3, to sustain the demand for extradition as all essential elements are not alleged."

The statute mentioned in the above quotation provides in pertinent substance that no demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless made in writing, alleging certain essential facts, and such demand must be "accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime * * *." That statute further provides that:

"* * * The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the laws of that state * * *."

The statute of Oregon (ORS 167.040 [1967 Replacement Part]), upon which the alleged offense is based, reads as follows:

"(1). Any person who commits sodomy or the crime against nature, or any act or practice of sexual perversity, either with mankind or beast, or sustains osculatory rela-

---
*Retired Supreme Court Justice sitting under assignment by the Chief Justice under provisions of Article VI, Section 5(3) of the constitution of Colorado.

tions with the private parts of any person, or permits such relations to be sustained with his private parts, shall be punished upon conviction by imprisonment in the penitentiary for not more than 15 years.

"(2). Proof of actual penetration into the body is sufficient to sustain an indictment for the crime against nature."

The indictment against the petitioner, in pertinent part, alleges that:

"* * * The said Vytautas Finadar Beliajus on the 4th day of July, 1967, in the County of Marion, and State of Oregon, then and there being, did then and there unlawfully and feloniously and against the order of nature, commit the crime of sodomy upon a certain human being, to wit: Edward William Wonacott, of the age of fourteen (14) years, contrary to the Statutes * * *."

It is the contention of counsel for petitioner that the indictment does not substantially charge him with the crime of sodomy for the reason that it contains no allegation concerning "proof of actual penetration into the body" of the victim. It is argued that failure to include an allegation upon this subject is fatal to the indictment since under the Oregon statute "actual penetration into the body" is an essential ingredient of the offense. This argument has no merit.

We hold that the indictment returned by the Oregon grand jury did "substantially charge" the petitioner with the crime of sodomy. In *State v. Anthony*, 179 Or. 282, 169 P.2d 587, the Supreme Court of Oregon said:

"* * * The first clause of the statute prohibits sodomy or the crime against nature, which was the only offense proscribed in the original act of 1864, supra. Being a crime known to the common law, further statutory definition of the word 'sodomy' was unnecessary. 'In the absence of provision to the contrary, a statute may punish an offense by giving it a name known to the common law, without

further defining it, and the common-law definition will be applied.' (Citing authorities.)"

Upon the trial of the issue of guilt, it would doubtless be necessary for the prosecution to prove "actual penetration into the body" of the alleged victim. It is not necessary, however, that the indictment should contain any such allegation.

In *Capra v. Ballarby,* 158 Colo. 91, 405 P.2d 205, we find the following pertinent language:

"This court has stated that the provisions in the law regarding extradition should not be, 'so narrowly interpreted, as to enable offenders against the laws of a state to find a permanent asylum in the territory of another state.' *Travis v. People,* 135 Colo. 141, 308 P.2d 997. * * *"

The judgment is affirmed.

MR. JUSTICE DAY, MR. JUSTICE HODGES and MR. JUSTICE LEE concur.