No. 25952

## Jimmy Leon Weathers v. Earl L. Sullivan, Sheriff, El Paso County

(518 P.2d 842)

Decided January 21, 1974.

Rector, Melat & Wheeler, Justin R. Melat, for petitioner-appellant.

Robert L. Russel, District Attorney, Bernard R. Baker, Deputy, for respondent-appellee.

40

MR. JUSTICE GROVES delivered the opinion of the Court.

The petitioner was unsuccessful in an attempt to avoid extradition to New Mexico in a habeas corpus proceeding. We affirm.

There was filed in the extradition proceeding a copy of a magistrate's complaint in New Mexico charging the petitioner with having "committed the crime of fraud over $2500.00, contrary to Section 40A-16-6, New Mexico Statutes Annotated, 1953 Compilation." Also filed was the affidavit of A. M. Bunch, which was the basis upon which the complaint was issued and which reads as follows:

"1. I am a Deputy Sheriff of Chaves County, New Mexico.

"2. On July 26, 1972, JIMMY LEON WEATHERS made a deposit at the Security National Bank in Roswell, New Mexico in the amount of $2,371.15.

"3. Thereafter on July 26, 1972, he drew a check made payable to Texas International in the amount of $110.00.

"4. On this same date he drew another check made payable to cash in the amount of $1,400.00.

"5. On July 28, 1972, he drew a third check made payable to cash in the amount of $2,400.00.

"6. The original check deposited in the Security National Bank was drawn upon the First State Bank of Morton, Texas and was dishonored by that bank.

"7. As a result of the actions of JIMMY LEON WEATHERS and his former conduct, practices and representations, the Security National Bank of Roswell, New Mexico, has been defrauded of money in the amount of $3,910.00."

With the papers filed was a copy of the warrant issued under the complaint.

Our statute, C.R.S. 1963, 60-1-3, provides that the demand of the demanding state shall be "accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a

copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon."

We do not agree with petitioner's contention that he was not substantially charged with the crime in New Mexico.

Relying upon *Buhler v. People,* 151 Colo. 345, 377 P.2d 748 (1963), the petitioner asserts that the complaint is fatally defective because it does not allege that the crime was committed intentionally. *Buhler* is distinguishable. There the statute of the demanding state made it a crime to forge another's name "with intent to damage or defraud any person." For an act to be done with a specific intent is an entirely different matter than — as usually is the case with any crime — to perform an act wilfully or intentionally.

The affidavit of the deputy sheriff makes a sufficient showing that petitioner's actions were intentional. Particularly with this bolstering factor, we are going to follow the principle of *Dressel v. Bianco,* 168 Colo. 517, 452 P.2d 756 (1969), and leave it to the New Mexico courts to pass upon the technical sufficiency of the complaint in the magistrate's court. This ruling is in harmony with the philosophy of *Beliajus v. Phillips,* 170 Colo. 212, 460 P.2d 233 (1969), wherein it was stated:

" 'This Court has stated that the provisions in the law regarding extradition should not be, "so narrowly interpreted, as to enable offenders against the laws of a state to find a permanent asylum in the territory of another state." ' "

It is contended that the affidavit does not negate the possibility that there were additional sums in the petitioner's bank account. We think there is a fair implication to the contrary.

The petitioner argues that a copy of the New Mexico statute should have accompanied the extradition papers forwarded by New Mexico in order that he would know the crime with which he was charged. We know of no such requirement.

The other assignments of error are without merit.

Judgment affirmed.

MR. JUSTICE ERICKSON dissents.

MR. JUSTICE ERICKSON dissenting:
  I respectfully dissent.
  In *Buhler v. People,* 151 Colo. 345, 377 P.2d 748 (1963), this court faced the same issue raised in this petition. In that case, Illinois attempted to extradite a citizen of this state on a charge of forgery. The complaint and affidavit submitted to the Governor of Colorado by the Illinois authorities wholly failed to allege that the accused performed the prohibited act with the intent to defraud, an essential element of the crime of forgery under Illinois law. In reversing the trial court and denying extradition, this court said:
  "It is not only the right, but the duty of the proper authorities of the asylum state, executive and judicial, to determine whether the accused is, in fact, charged with a crime in the demanding state . . . .
  "To be subject to extradition, the accused must be charged with a crime in the demanding state, and this means that the charge standing against him must legally constitute a crime. . . . [I]f the . . . charge of crime on which the requisition is founded wholly fails in any of the fundamental elements of the crime indicated, extradition should be denied."
*Buhler v. People, supra. See* C.R.S. 1963, 60-1-3.
  In the present case, the statute under which New Mexico sought to extradite the petitioner reads, in pertinent part:
  "40A-16-6. *Fraud* — Fraud consists of the intentional misappropriation or taking of anything of value which belongs to another *by means of fraudulent conduct, practices, or representations* . . . ." [Emphasis added.] New Mexico Statutes Annotated 1953, 40A-16-6.
The New Mexico courts have interpreted the statute, as well as its predecessor, to include the intent to defraud as an essential element of the crime. *State v. Gregg,* 83 N.M. 397, 492 P.2d 1260 (1972); *State v. McKay,* 79 N.M. 797, 450 P.2d 435 (1969); *State v. Jones,* 73 N.M. 459, 389 P.2d 398 (1964); *State v. Craig,* 70 N.M. 176, 372 P.2d 128 (1962);

*State v. Ferguson,* 56 N.M. 398, 244 P.2d 783 (1952).

Applying the rule announced in *Buhler v. People, supra,* to the facts of this case, makes it readily apparent that extradition is not authorized under the laws of Colorado. *Buhler v. People, supra,* requires that to "substantially charge ... the commission of a crime," an allegation must be included in the documents submitted to the Governor of Colorado that the defendant committed every essential element of the crime charged under the laws of the demanding state. New Mexico's statute, which makes fraud a crime, has been interpreted by that state's courts to include intent to defraud as an essential element of the crime. Therefore, the affidavit which supports New Mexico's extradition demand, as set forth in the majority's opinion, must reveal not only that the accused intentionally did the act of which the state charges, but also that the act was done with the intent to defraud. The extradition documents do not meet the requirement of the *Buhler* case. In fact, there is nothing contained in any of the documents before us which indicates that the act was undertaken in furtherance of an intent to defraud. The affidavit also fails to state that the petitioner did not have other funds on deposit in the bank.

*Buhler v. People, supra,* is not distinguishable from this case and is dispositive of the issues raised in this petition. The documents presented to the Governor of Colorado, in my opinion, do not substantially charge the accused with the commission of a crime in New Mexico.

Accordingly, I would reverse the trial court and order that the petition for writ of habeas corpus be granted and made permanent.