MR. JUSTICE GROVES
delivered the opinion of the Court.
The petitioner was unsuccessful in an attempt to avoid extradition to New Mexico in a habeas corpus proceeding. We affirm.
There was filed in the extradition proceeding a copy of a magistrate’s complaint in New Mexico charging the petitioner with having “committed the crime of fraud over $2500.00, contrary to Section 40A-16-6, New Mexico Statutes Annotated, 1953 Compilation.” Also filed was the affidavit of A. M. Bunch, which was the basis upon which the complaint was issued and which reads as follows:
“1. I am a Deputy Sheriff of Chaves County, New Mexico.
“2. On July 26, 1972, JIMMY LEON WEATHERS made a deposit at the Security National Bank in Roswell, New Mexico in the amount of $2,371.15.
“3. Thereafter on July 26, 1972, he drew a check made payable to Texas International in the amount of $110.00.
“4. On this same date he drew another check made payable to cash in the amount of $1,400.00.
“5. On July 28, 1972, he drew a third check made payable to cash in the amount of $2,400.00.
“6. The original check deposited in the Security National Bank was drawn upon the First State Bank of Morton, Texas and was dishonored by that bank.
“7. As a result of the actions of JIMMY LEON WEATHERS and his former conduct, practices and representations, the Security National Bank of Roswell, New Mexico, has been defrauded of money in the amount of $3,910.00.”
With the papers filed was a copy of the warrant issued under the complaint.
Our statute, C.R.S. 1963, 60-1-3, provides that the demand of the demanding state shall be “accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a *41 copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon.”
We do not agree with petitioner’s contention that he was not substantially charged with the crime in New Mexico.
Relying upon Buhler v. People, 151 Colo. 345, 377 P.2d 748 (1963), the petitioner asserts that the complaint is fatally defective because it does not allege that the crime was committed intentionally. Buhler is distinguishable. There the statute of the demanding state made it a crime to forge another’s name “with intent to damage or defraud any person.” For an act to be done with a specific intent is an entirely different matter than — as usually is the case with any crime — to perform an act wilfully or intentionally.
The affidavit of the deputy sheriff makes a sufficient showing that petitioner’s actions were intentional. Particularly with this bolstering factor, we are going to follow the principle of Dressel v. Bianco, 168 Colo. 517, 452 P.2d 756 (1969), and leave it to the New Mexico courts to pass upon the technical sufficiency of the complaint in the magistrate’s court. This ruling is in harmony with the philosophy of Beliajus v. Phillips, 170 Colo. 212, 460 P.2d 233 (1969), wherein it was stated:
“ ‘This Court has stated that the provisions in the law regarding extradition should not be, “so narrowly interpreted, as to enable offenders against the laws of a state to find a permanent asylum in the territory of another state.” ’ ”
It is contended that the affidavit does not negate the possibility that there were additional sums in the petitioner’s bank account. We think there is a fair implication to the contrary.
The petitioner argues that a copy of the New Mexico statute should have accompanied the extradition papers forwarded by New Mexico in order that he would know the crime with which he was charged. We know of no such requirement.
The other assignments of error are without merit.
Judgment affirmed.
*42 MR. JUSTICE ERICKSON dissents.