MR. JUSTICE ERICKSON
dissenting:
I respectfully dissent.
In Buhler v. People, 151 Colo. 345, 377 P.2d 748 (1963), this court faced the same issue raised in this petition. In that case, Illinois attempted to extradite a citizen of this state on a charge of forgery. The complaint and affidavit submitted to the Governor of Colorado by the Illinois authorities wholly failed to allege that the accused performed the prohibited act with the intent to defraud, an essential element of the crime of forgery under Illinois law. In reversing the trial court and denying extradition, this court said:
“It is not only the right, but the duty of the proper authorities of the asylum state, executive and judicial, to determine whether the accused is, in fact, charged with a crime in the demanding state ....
“To be subject to extradition, the accused must be charged with a crime in the demanding state, and this means that the charge standing against him must legally constitute a crime.... [I]f the ... charge of crime on which the requisition is founded wholly fails in any of the fundamental elements of the crime indicated, extradition should be denied.”
Buhler v. People, supra. See C.R.S. 1963, 60-1-3.
In the present case, the statute under which New Mexico sought to extradite the petitioner reads, in pertinent part:
“40A-16-6. Fraud — Fraud consists of the intentional misappropriation or taking of anything of value which belongs to another by means of fraudulent conduct, practices, or representations . . . .” [Emphasis added.] New Mexico Statutes Annotated 1953, 40A-16-6.
The New Mexico courts have interpreted the statute, as well as its predecessor, to include the intent to defraud as an essential element of the crime. State v. Gregg, 83 N.M. 397, 492 P.2d 1260 (1972); State v. McKay, 79 N.M. 797, 450 P.2d 435 (1969); State v. Jones, 73 N.M. 459, 389 P.2d 398 (1964); State v. Craig, 70 N.M. 176, 372 P.2d 128 (1962); *43 State v. Ferguson, 56 N.M. 398, 244 P.2d 783 (1952).
Applying the rule announced in Buhler v. People, supra, to the facts of this case, makes it readily apparent that extradition is not authorized under the laws of Colorado. Buhler v. People, supra, requires that to “substantially charge . . . the commission of a crime,” an allegation must be included in the documents submitted to the Governor of Colorado that the defendant committed every essential element of the crime charged under the laws of the demanding state. New Mexico’s statute, which makes fraud a crime, has been interpreted by that state’s courts to include intent to defraud as an essential element of the crime. Therefore, the affidavit which supports New Mexico’s extradition demand, as set forth in the majority’s opinion, must reveal not only that the accused intentionally did the act of which the state charges, but also that the act was done with the intent to defraud. The extradition documents do not meet the requirement of the Buhler case. In fact, there is nothing contained in any of the documents before us which indicates that the act was undertaken in furtherance of an intent to defraud. The affidavit also fails to state that the petitioner did not have other funds on deposit in the bank.
Buhler v. People, supra, is not distinguishable from this case and is dispositive of the issues raised in this petition. The documents presented to the Governor of Colorado, in my opinion, do not substantially charge the accused with the commission of a crime in New Mexico.
Accordingly, I would reverse the trial court and order that the petition for writ of habeas corpus be granted and made permanent.