*212 Opinion by
MR. JUSTICE KELLEY.
Petitioner-appellant, E. E. Glenn, filed a petition for a writ of habeas corpus in Arapahoe County District Court. In his petition he challenged the legality of his incarceration for extradition to Kansas. The district court dismissed the petition. We affirm.
Glenn argues that the extradition documents do not comply with C.R.S. 1963, 60-1-3, in that the affidavit and criminal complaint supporting the Kansas arrest warrant do not substantially charge him with having committed a crime under Kansas law. Buhler v. People, 151 Colo. 345, 377 P.2d 748 (1963).
The Barton County Court, Barton County, Kansas, issued an arrest warrant charging Glenn with violation of Kan. Stat. Ann. § 21-3701 (b) which provides:
“Section 21-3701. Theft. Theft is any of the following acts done with intent to deprive the owner permanently of the possession, use or benefit of his property:
(b) Obtaining by deception control over property;
Theft of property of the value of fifty dollars ($50) or more is a class D felony . . . .”
The affidavit of Earl Westhoff, the complainant, may be summarized as follows. In February, 1971, Fred and Earl Westhoff talked to E. E. Glenn about the possible purchase of a farm in Honduras, South America. In April, 1971, Fred Westhoff and petitioner traveled to Honduras to examine the land, and while in Honduras Glenn represented to Fred Westhoff that he could purchase the land for the Westhoffs. On May 14, 1971, an agreement was signed in Barton County, Kansas by Glenn and the Westhoffs for the purchase of the farm in Honduras, and Glenn was given a check for $7,500. Glenn later was given another check for $7,500 with which to consummate the purchase of the land. The Westhoffs subsequently learned that American citizens could not purchase or own real estate in Honduras.
*213 The criminal complaint which was sworn to under oath by Earl Westhoff charged that E. E. Glenn obtained by deception control over more than $50 of property belonging to Fred and Earl Westhoff. The complaint further charged that Glenn obtained such control with the intention of permanently depriving the owners of their property. Read together, we hold that the complaint and affidavit substantially charge Glenn with every material element of theft by deception under Kansas law.
We have often stated that the provisions of the extradition statute, C.R.S. 1963, 60-1-1, et seq., should not be so narrowly interpreted as to enable offenders against the laws of a state to find permanent asylum in another state. Beliajus v. Phillips, 170 Colo. 212, 460 P.2d 233 (1969); Capra v. Ballarby, 158 Colo. 91, 405 P.2d 205 (1965). Glenn, of course, is not precluded from challenging the sufficiency of the complaint and affidavit in Kansas. Dressel v. Bianco, 168 Colo. 517, 452 P.2d 756 (1969).
The judgment is affirmed.
MR. JUSTICE DAY, MR. JUSTICE GROVES, and MR. JUSTICE LEE concur.