Opinion by
MR. JUSTICE HODGES.
The Governor of South Carolina initiated extradition proceedings for removal of Nevard from Colorado for prosecution of a felony allegedly committed by him in the State of South Carolina. The Governor of Colorado issued his warrant for Nevard’s arrest upon receipt of supporting documents furnished by the Governor of South Carolina. Nevard was taken into custody by respondent sheriff and thereupon petitioned the trial court for a writ of habeas corpus alleging that the South Carolina indictment, a copy of which was one of the supporting documents, was void on its face because the signature of the solicitor (comparable to our district attorney) of the South Carolina district in which the indictment was returned was not in fact the signature of that individual, but *170 of a deputy. The trial court refused to grant the writ of habeas corpus. We affirm.
On appeal, Nevard’s sole contention is that the indictment does not substantially charge him with a commission of a crime in South Carolina because of the absence of the solicitor’s true signature. C.R.S. 1963, 60-1-3 requires that the indictment, information, or affidavit before a magistrate “must substantially charge the person demanded” with having committed a crime in the demanding state.
In the trial court hearing, it was brought out that the signature of the South Carolina solicitor on the indictment was made by his deputy. In his affidavit, submitted to the trial court as Exhibit A, the duly elected solicitor declared that pursuant to South Carolina’s code of laws, Section 1-259, he delegated to his deputies the responsibility of signing his name to indictments.
It is the general rule of law in this state and elsewhere that the execution of the Governor’s warrant establishes prima facie evidence that the person who is sought to be extradited is substantially charged with a crime. Woolsey v. Nelson, 178 Colo. 144, 496 P.2d 306 (1972); Ede v. Bray, 178 Colo. 99, 495 P.2d 1139 (1972); Burnette v. McClearn, 162 Colo. 503 , 427 P.2d 331 (1967). Consequently, a person who seeks to invalidate an extradition has a burden of overcoming this presumption by clear and convincing evidence that the documents submitted by the demanding state do not substantially charge him with a crime. Luker v. Koch, 176 Colo. 75, 489 P.2d 191 (1971); Self v. People, 133 Colo. 524, 297 P.2d 887 (1956); Marsolais V. De Angelis, 121 Colo. 299, 215 P.2d 315 (1950). Nevard takes the position that he has met the burden of overcoming this presumption by the showing to the trial court that someone other than the authorized solicitor signed the solicitor’s name on the indictment. Nevard, however, without making any other showing argues on the basis of an unwarranted assumption that this alleged deficiency would prevent him from being tried on the charges alleged in the South Carolina indictment. No such assumption is supported by the evidence. On the contrary, the affidavit submitted to the trial judge clearly indicates that the procedure of having a deputy sign the solicitor’s name to an indictment is not only *171 proper but is the routine procedure followed in South Carolina. In our view, the appellant Nevard has fallen far short of presenting any clear and convincing evidence that he is not substantially charged with an offense in South Carolina.
Judgment affirmed.
MR. JUSTICE DAY, MR. JUSTICE LEE and MR. JUSTICE ERICKSON concur.