## No. 26619

**Charles Willis Samples v. Dan Cronin, Manager of Safety and Ex-Officio Sheriff of the City and County of Denver, and Wayne K. Patterson, Warden of the Jail, City and County of Denver, State of Colorado**

(536 P.2d 306)

Decided June 9, 1975.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Stephen B. Schuyler, Deputy, for petitioner-appellant.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Thomas J. Tomazin, Assistant, for respondents-appellees.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

This appeal is from an adverse decision denying appellant's petition for a writ of habeas corpus and ordering his extradition to the state of Texas. We affirm the judgment.

Appellant was arrested on a fugitive complaint and warrant, charging him with armed robbery in the state of Texas, and with having fled therefrom to the state of Colorado. Thereafter, extradition proceedings were commenced by the state of Texas. Appellant filed his petition for a writ of habeas corpus, challenging the legality of his detention. After hearing thereon, the district court denied appellant his release, and this appeal followed.

Appellant claims the trial court prejudicially erred in three particulars, each of which requires reversal and the granting of his release from custody.

I.

Appellant contends the demand for extradition failed to substantially charge him with having committed a crime under the laws of Texas, as required by C.R.S. 1963, 60-1-3.[1] We find no merit to this contention.

The extradition documents show that appellant was charged by indictment with the crime of armed robbery of one Waldo Timmer on January 18, 1974, in the county of Dallas, state of Texas. A copy of the indictment and criminal capias, together with an affidavit of the victim, detailing the facts of the criminal transaction, are among the extradition documents, all of which are duly authenticated by the Governor of Texas.

Appellant's argument is that, although the language of the indictment appears to be in the language of the Texas statute on armed robbery, the indictment fails to mention the statutory citation and therefore it is fatally insufficient. In our view, the indictment clearly charges appellant

---

[1] Now section 16-19-104, C.R.S. 1973.

with armed robbery, in readily understandable language which could not mislead or fail to give adequate notice of the crime for which demand for extradition was made. No authority has been cited by appellant which requires that the statutory citation be included within the indictment. It is fundamental that the technical sufficiency of the indictment is for the court of the demanding state to determine and not for the court of the asylum state. *Weathers v. Sullivan*, 184 Colo. 39, 518 P.2d 842; *Dressel v. Bianco*, 168 Colo. 517, 452 P.2d 756. We will not so narrowly interpret the extradition statute as to afford appellant asylum in this state when the extradition documents abundantly give notice of the crime charged in the demanding state. *Weathers v. Sullivan, supra; Beliajus v. Phillips*, 170 Colo. 212, 460 P.2d 233; *Capra v. Ballarby*, 158 Colo. 91, 405 P.2d 205.

## II.

■ Appellant further argues that the documents are patently defective on their face, in that the indictment appears to have been returned by the grand jury in the 204th Judicial District of Dallas County, Texas, whereas the reference in the capias and in the court clerk's certification is to the 203rd Judicial District of Dallas County, Texas. Appellant has not demonstrated that there is only one judicial district serving the county of Dallas, and that the inconsistency is in fact a misdesignation of the proper judicial district. Nonetheless, assuming, arguendo, that the difference in designation of the judicial district involved was a misdesignation, it is no more than a clerical error, which will not justify avoiding extradition documents unless shown to affect the substance of the proceedings. *Harding v. People*, 161 Colo. 571, 423 P.2d 847. *Fox, Jr. v. People*, 161 Colo. 163, 420 P.2d 412. *Cf. Dilworth v. Leach*, 183 Colo. 206, 515 P.2d 1130. No authority has been advanced by appellant to show that this inconsistency renders the extradition documents invalid, thus destroying the presumption of regularity that attends the documents when authenticated by the Governor of the demanding state. The burden was upon appellant to sustain his contention that the assumed inconsistency rendered the extradition documents spurious. *Nevard v. Conn*, 187 Colo. 168, 529 P.2d 305; *Tinsley v. Woods*, 135 Colo. 590, 313 P.2d 1006. Simply stated, appellant has not met his burden.

## III.

Finally, it is argued that appellant was not shown to be the Charles Willis Samples whose return was demanded by the state of Texas.

■ At the habeas corpus hearing, appellant offered no evidence in support of any of his various contentions which he asserted justified his release from custody. His only reference to identity was in his counsel's statement, "* * * [P]etitioner is not shown to be the same person as alleged in the indictment to be the perpetrator of the offense which is the basis of the extradition proceedings." Where the name of the person in custody is identical to that appearing in the extradition documents, as was the case here, there is a prima facie showing of identity and the burden is on the petitioner to disprove the presumed identity. *Dilworth v. Leach*,

*supra*; *Hithe v. Nelson*, 172 Colo. 179, 471 P.2d 596. Since petitioner presented no evidence to overcome the presumption of identity, the trial court was correct in finding that petitioner was the person sought by the state of Texas.

The judgment is affirmed.