Opinion by
MR. CHIEF JUSTICE PRINGLE.
This is an appeal from a denial of writ of habeas corpus in an extradition proceeding. The appellant contends (1) that the information failed to charge a substantive offense in Oklahoma, the demanding state, and (2) in Oklahoma, the charge against appellant carries a death penalty sentence which would be constitutionally defective, and by sending appellant back to Oklahoma, Colorado would become an active participant in depriving appellant of his constitutional protection. We affirm.
I.
Appellant points out that the information charging him with felony homicide in Oklahoma alleges that it took place during a “robbery.” He contends that the information must allege “armed robbery,” and the failure to so charge vitiates the extradition request. Not so. As we have recently pointed out, the law of extradition does not impose on the asylum state the duty to determine whether the defendant has been accurately charged with committing a particular offense. Beliajus v. Phillips, 170 Colo. 212, 460 P.2d 233; Dressel v. Bianco, 168 Colo. 517, 452 P.2d 756; Capra v. Ballarby, 158 Colo. 91, 405 P.2d 205. The rule is succinctly put in White v. Leach, 188 Colo. 62, 532 P.2d 740, where we said, “[A]ny question relating to the sufficiency of the information or the technical accuracy of the charge is left to the courts of the demanding state to resolve.”
II.
Appellant proposes that Colorado ought not give aid and assistance to Oklahoma in enforcing its death penalty which he alleges is unconstitutional. The short answer is that this position presents no issue justiciable in the Colorado courts. Appellant’s remedy lies in the state courts of Oklahoma, and, if unsuccessful there, in the appropriate federal courts. Denton v. Cronin, 187 Colo. 247, 529 P.2d 644; Holmes v. People, 169 Colo. 371, 456 P.2d 731.
The judgment is affirmed.
MR. JUSTICE DAY, MR. JUSTICE LEE and MR. JUSTICE ERICKSON concur.