## No. 28208

**Frank Howe v. Dan P. Cronin, Ex-Officio Sheriff of the City and County of Denver**

(589 P.2d 930)

Decided January 22, 1979.                    Rehearing denied February 13, 1979.

Gerash & Springer, P.C., Robert C. Floyd, for petitioner-appellant.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Lynne Ford, Assistant, for respondent-appellee.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.


Petitioner Howe appeals from the district court's dismissal of his writ of habeas corpus, and the order requiring his extradition to the State of North Dakota. We affirm the district court.

The petitioner claims that the extradition request issued by the Governor of North Dakota is insufficient in that it seeks to extradite him as a "fugitive from justice," pursuant to section 16-19-103, C.R.S. 1973, when in fact he could only be extradited as a nonfugitive, pursuant to section 16-19-107, C.R.S. 1973.

We find the petitioner's argument to be without merit. As was stated recently by the United States Supreme Court, "A governor's grant of extradition is prima facie evidence that constitutional and statutory requirements have been met." *Michigan v. Doran,* 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521, (1978). Where any statutory ground exists to substantiate the extradition documents on their face, we, as courts of the asylum state, will not block the extradition process. *See Norrod v. Bower,* 187 Colo. 421, 532 P.2d 330 (1975). The supporting documents in this case clearly show that the petitioner is extraditable. Appeals based on technicalities such as those presented here are a waste of time. *Teters v. Watson,* 190 Colo. 355, 547 P.2d 1277 (1976).

The petitioner also contends that the district court erred in not granting him bail pending appeal of the habeas corpus proceeding. In view of our decision to affirm the district court, this issue is now moot.

Judgment affirmed.

MR. JUSTICE ERICKSON and MR. JUSTICE CARRIGAN do not participate.