Robbie JOHNSON, Petitioner-Appellant,

v.

Dan CRONIN, Manager of Safety and Ex
Officio Sheriff of the City and County
of Denver, Respondent-Appellee.

No. 82SA449.

Supreme Court of Colorado,
En Banc.

Nov. 26, 1984.

David F. Vela, Colorado State Public Defender, Robin Desmond, Deputy State Public Defender, Denver, for petitioner-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Can-

trick, Sol. Gen., John Daniel Dailey, Patricia A. Wallace, Asst. Attys. Gen., Denver, for respondent-appellee.

ERICKSON, Chief Justice.

The petitioner, Robbie Johnson, appeals from the district court's order discharging a writ of habeas corpus in extradition proceedings initiated by the state of Arkansas. Petitioner is charged in Arkansas with interference with child custody in violation of section 41–2411, Ark.Stat.Ann. (1977). She asserts that the Arkansas demand for extradition is defective because: (1) the extradition documents do not "substantially charge" her with a crime under Arkansas law, and (2) she is not a fugitive from justice as defined by section 16–19–103, 8 C.R.S. (1978). We affirm the district court.

I.

On October 2, 1981, the petitioner exercised visitation rights with her daughter, Jennifer, in White County, Arkansas. Custody of Jennifer had been awarded to the father, Billy Payne, by an Arkansas court subject to the petitioner's right to visit the child. The visitation agreement in the divorce decree granted the petitioner the right to have the child from the 2nd through the 4th of October, 1981. Petitioner, however, did not return the child to Payne's custody as required by the agreement and took the child to Houston, Texas on October 3, 1981. She kept the child in Houston for a "couple of weeks" before moving to Colorado.

On January 29, 1982, petitioner was arrested in Denver, Colorado and charged with being a fugitive from justice pursuant to section 16–19–103, 8 C.R.S. (1978).[1]

On February 25, 1982, the governor of Arkansas demanded that the governor of Colorado return the petitioner to Arkansas as a fugitive from justice. The request for extradition included a copy of the information in Lake County, Arkansas which charged that:

Roba Johnson in the County and State aforesaid, on or about the fourth day of October 1981, did unlawfully and feloniously take Jennifer Payne, a person entrusted by Court decree to the custody of her father, Billy Payne, from the lawful custody of that person.

An affidavit which an Arkansas judge found sufficient to establish probable cause for issuance of an arrest warrant was also transmitted with the requisition papers.

II.

Petitioner contends that the extradition documents do not comply with the requirements set forth in section 16–19–104, 8 C.R.S. (1978).[2] Her contention is without merit.

■ A determination of probable cause by a neutral judicial officer in the demanding state forecloses the court in the asylum state from reconsidering that issue. *Michigan v. Doran,* 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978). When the governor of the asylum state has granted extradition, prima facie evidence exists that all constitutional and statutory requirements necessary for extradition have been met. *Michigan v. Doran,* 439 U.S. at 289, 99 S.Ct. at 535; *Howe v. Cronin,* 197 Colo. 17, 589 P.2d 930 (1979). The burden then shifts to the petitioner to prove by clear and convincing evidence that the demanding state's request for extradition is im-

1. Section 16–19–103, 8 C.R.S. (1978), provides: Fugitives from justice. Subject to the provisions of this article, the provisions of the constitution of the United States controlling, and any act of congress enacted in pursuance thereof, it is the duty of the governor of this state to have arrested and delivered up to the executive authority of any other state of the United States any person charged in that state with treason, felony, or other crime, who has fled from justice and is found in this state.

2. Section 16–19–104, 8 C.R.S. (1978), provides in pertinent part:
The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, affidavit, or judgment of conviction or sentence must be authenticated by the executive authority making the demand.

proper. *Vigil v. Martinez*, 661 P.2d 1164 (Colo.1983); *Light v. Cronin*, 621 P.2d 309 (Colo.1980).

In this case, petitioner claims that she has not been "substantially charged" with a crime as required by section 16–19–104 since Arkansas authorities did not allege that she "knowingly" committed the crime charged. The petitioner argues that the term "knowingly" is an essential element of the crime of interference with child custody under Arkansas law. Arkansas statute 41–2411 provides:

> A person commits the offense of interference with custody if *knowing* that he has no lawful right to do so, he takes, entices, or keeps any person entrusted by court decree to the custody of another person....

Ark.Stat.Ann. § 41–2411 (1977) (emphasis added).

■ The petitioner's claim that she has not been substantially charged under section 16–19–104 is without merit. Under section 16–19–104, the demanding state is not required to allege each and every element of the crime for which extradition is sought. *Pickinpaugh v. Lamm*, 189 Colo. 143, 538 P.2d 113 (1975); *Beliajus v. Phillips*, 170 Colo. 212, 460 P.2d 233 (1969). A demanding state complies with the requirements of section 16–19–104 when the charging documents are framed substantially in the language contained in the statute. *White v. Leach*, 188 Colo. 62, 532 P.2d 740 (1975); *Capra v. Ballarby*, 158 Colo. 91, 405 P.2d 205 (1965). The Arkansas requisition documents satisfy the standard of substantial compliance. Considered in their entirety, the extradition documents substantially charged the petitioner with violating Arkansas law. Any objections which the petitioner may have concerning the sufficiency of the information or technical accuracy of the charge must be resolved by the courts of Arkansas and not by the courts of this state. *See, e.g., White v. Leach*, 188 Colo. at 65, 532 P.2d at 741. It is outside the province of this court to inquire into the substantive law and pleading practice of Arkansas. *Simmons v. Leach*, 626 P.2d 164 (Colo.1981); *Lovato v. Johnson*, 617 P.2d 1203 (Colo.1980).

■ In addition, petitioner's reliance on *Buhler v. People*, 151 Colo. 345, 377 P.2d 748 (1963), is misplaced. *Buhler* does not require that a demanding state must always allege mental state before a petitioner is "substantially charged" with a crime. *Buhler* simply states that in cases where an individual has been charged with a specific intent crime, intent must be alleged in the demanding state's request for extradition. *Weathers v. Sullivan*, 184 Colo. 39, 518 P.2d 842 (1974). In the present case, petitioner has not been charged with a specific intent crime and the extradition documents substantially charge a crime under Arkansas law.

The petitioner's second contention on appeal is that she is not a fugitive from justice as defined by section 16–19–103. She claims that she did not violate Arkansas law until October 4, 1981, when she failed to return the child as required by the visitation agreement. Petitioner argues that since she was not in Arkansas on October 4, she can only be extradited, if at all, as a non-fugitive under section 16–19–107, 8 C.R.S. (1978). We disagree.

■ An individual is a fugitive from justice under section 16–19–103 if he was present in the demanding state at the time of the commission of the offense charged and thereafter departed. *Danielsen v. Miller*, 196 Colo. 537, 587 P.2d 788 (1979). The governor's warrant creates a presumption that the petitioner was in the state of Arkansas at the time the crime occurred. *Howe v. Cronin*, 197 Colo. 17, 589 P.2d 930 (1979); *Eathorne v. Nelson*, 180 Colo. 288, 505 P.2d 1 (1973). The burden rests with the petitioner to show by clear and convincing evidence that she was not in the demanding state at the time the offense was committed. *Graham v. Vanderhoff*, 185 Colo. 334, 524 P.2d 611 (1974). The petitioner has not met that burden.

Accordingly, the district court properly ordered that the petitioner be extradited to Arkansas.