No. 25911

**O'Dell Dilworth v. Brad Leach,
Sheriff of Boulder County, Colorado**
(515 P.2d 1130)

Decided November 12, 1973.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Douglas H. Brown, Deputy, for petitioner-appellant.

John P. Moore, Attorney General, John E. Bush, Deputy, Tennyson W. Grebenar, Assistant, for respondent-appellee.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

This is an appeal from an order of the district court discharging the petitioner-appellant O'Dell Dilworth's (petitioner) petition for writ of habeas corpus. We find no error and affirm.

Petitioner had been charged and convicted of a felony in the state of New Mexico, served a portion of his sentence and was released on parole. While on parole, he allegedly committed an offense of violence which constituted a violation of the terms of his parole. He departed the state of New Mexico and was arrested on a fugitive criminal complaint and incarcerated in Boulder County jail. Subsequently, a governor's warrant was issued at the request of New Mexico authorities. The petition for a writ of habeas corpus followed.

The principal errors alleged by the petitioner are based on discrepancies between the fugitive criminal complaint (C.R.S. 1963, 60-1-13, 14, 15) filed by local Colorado authorities and the Colorado governor's warrant and its supporting documents. Petitioner argues that his arrest on the warrant issued on the fugitive complaint was unlawful and therefore the governor's warrant is void. He concedes, however, that to reach the conclusion for which he contends, it will be necessary for us to overrule the following cases which hold that an unlawful arrest does not void otherwise valid extradition proceedings: *Luker v. Koch,* 176 Colo. 75, 489 P.2d 191 (1971); *McClearn v. Jones,* 162 Colo. 354, 426 P.2d 192 (1967); *Capra v. Miller,* 161 Colo. 448, 422 P.2d 636 (1967); *Velasquez v. People,* 154 Colo. 284, 389 P.2d 849 (1964); *Travis v. People,* 135 Colo. 141, 308 P.2d 997 (1957). Neither reason nor justice requires a change in the well-settled principle that the process involved in the initial arrest in the asylum state becomes moot upon the issuance of the governor's warrant.

Another attack is based on the misspelling of the petitioner's name in some of the supporting documents. He

contends that although both the requisition of the Governor of New Mexico and the warrant of the Governor of Colorado correctly refer to petitioner as *O'Dell Dilworth,* other documents which support the governor's warrant refer to another individual by the name of *Odell·Dillworth,* and that this discrepancy is fatal. He maintains that the People have failed to prove a *prima facie* case of identity between petitioner and *Odell Dillworth.*

■ Neither the omission of the apostrophe in the given name nor the double 1 in the surname had a tendency to mislead the petitioner and, under the circumstances, is therefore immaterial. Where two names are spelled differently but sound alike in their pronunciation, they are regarded as the same under the doctrine of *idem sonans.* *Murray v. People,* 49 Colo. 109, 111 P. 711 (1910); *Bloomer v. Cristler,* 22 Colo. App. 238, 123 P. 966 (1911).

■ The petitioner introduced no evidence to disprove that he was the individual sought to be extradited. Rather he relied on the technical argument based solely on the discrepancy in the spelling of his name on some of the supporting documents. The petitioner's name in the requisition was identical to the name appearing in the governor's warrant. This created a *prima facie* showing of identity and shifted the burden to petitioner to disprove the identity. *Hithe v. Nelson,* 172 Colo. 179, 471 P.2d 596 (1970).

■ In addition to the identity of names, an authenticated prison photo of the petitioner accompanied the extradition documents from New Mexico. The photo was competent evidence of identity. *Glucksman v. Henkel,* 221 U.S. 508, 31 S.Ct. 704, 55 L.Ed. 830 (1911); *United States ex rel. Vitiello v. Flood,* 374 F.2d 554 (2d Cir. 1967); *Raftery v. Bligh,* 55 F.2d 189 (1st Cir. 1932); *United States ex rel. Austin v. Williams,* 12 F.2d 66 (5th Cir. 1926); *Applications of Oppenheimer,* 95 Ariz. 292, 389 P.2d 696 (1964); *People ex rel. Guidotti v. Bell,* 372 Ill. 572, 25 N.E.2d 45 (1940); *Sumner v. Lovellette,* 253 Ind. 675, 256 N.E.2d 681 (1970).

■ Petitioner finally asserts that the trial court erred when it failed to grant him a continuance. The petitioner has

not shown that he was prejudiced by the ruling. The granting or denying of a motion for continuance lies within the sound discretion of the trial court. *Miller v. People,* 178 Colo. 397, 497 P.2d 992 (1972), and cases cited therein.

Here the record shows that the original governor's warrant was based on a charge of "assault to commit a violent crime" occurring on March 7, 1972. The initial hearing set for November 28, 1972, was continued on motion of the People to December 1, 1972.

On December 1, 1972, the People withdrew the initial New Mexico requisition and submitted a new Colorado Governor's warrant dated November 30, 1972, based on a requisition dated November 27, 1972. The new documents sought extradition for parole violations. The crime charged in the initial documents constituted the acts which violated the terms of petitioner's parole. The record discloses that counsel for petitioner was aware that rendition was being sought for petitioner's parole violations as early as November 16, 1972.

Under the circumstances, the trial court did not abuse its discretion.

Other errors alleged do not merit discussion.

The judgment is affirmed.

MR. JUSTICE HODGES does not participate.