**Miguel RICHARDSON, Petitioner–Appellant,**

v.

**Dan CRONIN, Manager of Safety and Excise, and Ex–Officio Sheriff of the City and County of Denver, and Wayne K. Patterson, Warden of the Jail of the City and County of Denver, Respondents–Appellees.**

**No. 79SA341.**

Supreme Court of Colorado, En Banc.

Dec. 22, 1980.

Rehearing Denied Feb. 2, 1981.

J. Gregory Walta, Colorado State Public Defender, Margaret L. O'Leary, Deputy State Public Defender, Denver, for petitioner–appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Mary E. Ricketson, John Daniel Dailey, Asst. Attys. Gen., Denver, for respondents–appellees.

QUINN, Justice.

Miguel Richardson (appellant) appeals from the district court's denial of habeas corpus relief and its order that he be returned to the state of Texas as a fugitive. We affirm the judgment.

Appellant was indicted by a Texas grand jury for the offense of capital murder allegedly committed on March 31, 1979. *Texas Penal Code Ann.* Title 5, § 19.03 (Vernon). He was arrested in Colorado on April 20, 1979, and charged in the district court with being a fugitive from justice. Section 16–19–101 *et seq.*, C.R.S. 1973 (1978 Repl. Vol. 8). The court appointed an attorney for appellant and he contested extradition. Requisition documents from Texas and the Colorado governor's warrant were duly filed with the court and at a scheduled hearing on June 27, 1979, the appellant demanded that he be permitted to represent himself. The court informed the appellant

that his demand was ill–advised and that his attorney was quite competent to handle the matter but, on appellant's insistence, it allowed the attorney to withdraw and the petitioner to proceed pro se. The appellant then filed a document contesting the legality of his arrest. The court treated the document as a petition for writ of habeas corpus. No evidence was offered by the prosecution or the appellant at this hearing. The court denied the petition and ordered the appellant's return to the state of Texas. On this appeal the appellant challenges for the first time the validity of the extradition documents, the sufficiency of his identification as a fugitive at the extradition hearing, and the validity of the governor's signature on the fugitive warrant. Notwithstanding the failure to raise these arguments below, we elect to address them here.

█ Appellant's challenge to the validity of the extradition documents centers on certain name–differences in these documents. Appellant correctly points out that the Texas district attorney's application for requisition to the Texas governor refers to "Miguel A. Richardson," while the Texas governor's demand for extradition alludes to "Miguel A. Richard," and, finally, the Colorado governor's warrant identifies the fugitive as "Miguel A. Richard a/k/a Miguel A. Richardson." He claims these discrepancies invalidate the Texas demand for extradition and the Colorado governor's warrant. We do not agree.

The Texas district attorney's application for requisition includes the indictment and the writ of *capias*, both of which identify the offender as Miguel A. Richardson. Also included in the application for requisition is the affidavit of a witness stating that she was with Miguel Richardson at a Holiday Inn in San Antonio, Texas, on the evening of the homicide; that he woke her during the evening, told her that he had killed two security guards at the hotel, and requested her assistance in wiping away fingerprints from the immediate vicinity of the homicide; and that she observed the two dead bodies shortly thereafter when she acceded to his request. This witness by separate sworn statement identified a photograph attached to the application for requisition as the photograph of the Miguel Richardson referred to in her affidavit. All these documents were annexed to the Texas governor's demand for extradition and were certified by him as authentic. Obviously, the discrepancy between the name of Miguel A. Richardson, as listed in the application for requisition, and the name of Miguel A. Richard, as listed in the demand for extradition, represents a clerical error committed in the course of transposing the name of the fugitive from the requisition documents to the extradition demand. *See Dilworth v. Leach,* 183 Colo. 206, 515 P.2d 1130 (1972). The identity of the appellant as the person sought as a fugitive was unmistakably clear from the requisition documents expressly incorporated in the Texas governor's demand for extradition and the minor disparity in name had no effect on the validity of that demand. *See Samples v. Cronin,* 189 Colo. 40, 536 P.2d 306 (1975).

█ Similarly, we find no merit in appellant's argument that, due to these name–differences, the governor of Colorado exceeded his authority in issuing his fugitive warrant for "Miguel A. Richard a/k/a Miguel A. Richardson." It was the governor's duty to cause the arrest of the appellant as the fugitive sought by Texas. Section 16–19–103, C.R.S. 1973 (1978 Repl. Vol. 8); *see, e. g., In re Russell,* 12 Cal.3d 229, 524 P.2d 1295, 115 Cal.Rptr. 511 (1974); *Williams v. Wayne County Sheriff,* 395 Mich. 204, 235 N.W.2d 552 (1975). The inclusion of the two surnames in the governor's warrant served the dual function of adequately identifying the person sought and of authorizing peace officers in this state to arrest that person as a fugitive, *see* section 16–19–109, C.R.S. 1973 (1978 Repl. Vol. 8), and was consistent with the governor's statutory extradition authority, section 16–19–108, C.R.S. 1973 (1978 Repl. Vol. 8).

█ The appellant also disputes the sufficiency of the identification evidence at the extradition hearing. His argument has no merit. The issuance of the governor's warrant for a person whose name is identi-

cal to that of the person charged in the fugitive information establishes a presumption that he was in the demanding state at the time of the offense. *Light v. Cronin,* Colo., 621 P.2d 309 (1980). The identity between the name in the extradition documents and the name in the governor's warrant establishes a *prima facie* case that the person charged as a fugitive is indeed the fugitive sought by the demanding state. *Light v. Cronin, supra; Cates v. Cronin,* 194 Colo. 89, 570 P.2d 524 (1977); *Samples v. Cronin, supra.* Here, the appellant offered no evidence whatever to refute his presumed status as a fugitive from the state of Texas and, under these circumstances, the district court properly ordered his return to that state.

■ Finally, the appellant asserts that the governor's warrant is invalid because it was not signed by the governor. He relies for this argument on the attorney general's concession in *Massey v. Wilson,* Colo., 605 P.2d 469 (1980), that the governor had delegated the responsibility for signing these warrants to a secretary and to assistant attorneys general. We recently rejected an identical contention in *Whittington v. Bray,* Colo., 612 P.2d 72 (1980), pointing out the lack of evidential support for it in the record. *Accord, Clark v. Leach,* Colo., 612 P.2d 1130 (1980). As in *Whittington,* the record in this case is devoid of any factual basis for appellant's assertion. The governor's warrant in the *Massey* case was issued in June 1977, while here the governor's warrant for appellant was issued on June 5, 1979. Any inference that the *Massey* procedure was followed in this case would be utter speculation.

The judgment is affirmed.