**Gary Burdett GUY, Petitioner-Appellant,**

v.

**Ed NELSON, duly elected and qualified Sheriff in and for the County of Arapahoe and State of Colorado, Respondent-Appellee.**

**No. 80SA313.**

Supreme Court of Colorado,
En Banc.

July 6, 1981.

Roger D. Witt, L. Gary Hebenstreit, Lakewood, for petitioner-appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Mary E. Ricketson, Asst. Atty. Gen., Denver, for respondent-appellee.

HODGES, Chief Justice.

The petitioner-appellant appeals the district court's dismissal of his petition for writ of habeas corpus filed pursuant to section 16–19–101, *et seq.*, C.R.S. 1973 (1978 Repl. Vol. 8). We affirm.

The state of Florida sought the extradition of a fugitive named "Gary Guy." The physical description of the fugitive is set forth in documents accompanying the demand for extradition and the requisition for a warrant. The fugitive is described as a white male, five feet eight inches tall, weighing 140 pounds with green eyes. The date of birth and the social security number of the fugitive is also set forth.

The Governor of Colorado issued a warrant for the extradition of "Gary Guy." On May 2, 1980, the appellant was taken into custody by the Arapahoe County Sheriff's Department based upon requisition documents from the state of Florida and the governor's warrant. On May 6, 1980, appellant's counsel filed a petition for writ of habeas corpus on behalf of the appellant. Testimony at the hearing on the petition indicated that the appellant was six feet three inches tall, weighed 205 pounds, and had blue eyes. The appellant's date of birth and social security number matched those of the fugitive sought by the state of Florida. After concluding that the appellant was the individual sought, and that his

extradition had been properly approved by the governor of Colorado, the district court ordered the appellant's petition for a writ of habeas corpus dismissed.

The appellant asserts that the requisition documents and the evidence presented at the hearing were insufficient to establish that he is the fugitive sought by the state of Florida. Specifically, the appellant argues that the Florida requisition documents sought Gary Guy.[1] He also argues that the discrepancies in the physical descriptions of the fugitive sought by the state of Florida and his physical description show a misidentification.

■ It is a well-established rule of law that "[t]he identity between the name in the extradition document and the name in the governor's warrant establishes a *prima facie* case that the person charged as a fugitive is indeed the fugitive sought by the demanding state." *Richardson v. Cronin*, Colo., 621 P.2d 949, 952 (1980). *See also Light v. Cronin*, Colo., 621 P.2d 309 (1980); *Cates v. Cronin*, 194 Colo. 89, 570 P.2d 524 (1977); *Samples v. Cronin*, 189 Colo. 40, 536 P.2d 306 (1975); *Hithe v. Nelson*, 172 Colo. 179, 471 P.2d 596 (1970). Once a *prima facie* showing of identity is made, the person charged as a fugitive must carry the burden of disproving the presumed identity. *Id.* Clear and convincing evidence must be shown by the accused that he is not the person sought in order to rebut the *prima facie* showing of identity. *Deas v. Cronin*, 190 Colo. 177, 544 P.2d 991 (1976).

■ The extradition documents issued by the state of Florida and the Colorado governor's warrant both set forth the name of the fugitive as "Gary Guy." Thus, the presumption arose that the appellant is in fact the fugitive sought by the state of Florida. The insertion by the appellant of his middle name in subsequent proceedings commenced by him does not affect this presumption. To permit such a result would open the door to an undesirable tactical ploy of fugitives from other states.

---

1. The appellant initiated this habeas corpus action under the caption "Gary Burdett Guy." Subsequently, this case has been so captioned.

■ The evidence presented at the hearing was a matter for the trial court to weigh. The trial court concluded that the apparent discrepancy between the height, weight, and eye coloration of the fugitive and the appellant, was clearly offset by the identical birth dates and social security numbers of the fugitive and the appellant.

The judgment of the district court is affirmed.