**Bruce Cane BEVERLY,**
**Petitioner-Appellant,**

v.

**Harold DAVIS, Sheriff of El Paso**
**County, Respondent-Appellee.**

**No. 81SA122.**

Supreme Court of Colorado,
En Banc.

June 28, 1982.

Rehearing Denied Aug. 3, 1982.

J. Gregory Walta, Colorado State Public Defender, Deborah S. Waldbaum, Deputy State Public Defender, Denver, for petitioner-appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Mary E. Ricketson, Asst. Atty. Gen., Denver, for respondent-appellee.

HODGES, Chief Justice.

This appeal is from a district court judgment denying appellant's petition for writ of habeas corpus and ordering his extradition to the state of Texas. We affirm the judgment.

A Texas grand jury indicted Bruce Cane Beverly for aggravated robbery. He was later arrested in Colorado and charged in the district court with being a fugitive from justice. Section 16–19–101 *et seq.*, C.R.S. 1973 (1978 Repl.Vol. 8). Thereafter, pursuant to a demand for the extradition of Bruce Cane Beverly submitted by the state of Texas, a Colorado governor's warrant was issued ordering his arrest and return to Texas.

At the hearing on his petition for writ of habeas corpus, the appellant challenged the sufficiency of the requisition documents on the sole ground that his name was not as shown on the documents. A driver's license and birth certificate were introduced which showed his name to be Bruce Lane Beverly and not Bruce Cane Beverly as shown in the requisition documents. Appellant, however, presented no additional evidence to disprove that he was the individual sought to be extradited, or that he was not also known by the name of Bruce Cane Beverly. It is significant to note also that appellant's petition for a writ of habeas corpus does not allege he is not in fact the same individual indicted in the state of Texas for aggravated robbery, or named in the extradition documents. The district court, therefore, denied his petition for habeas corpus and ordered his extradition to Texas.

Appellant again argues on appeal that the extradition documents were insufficient to establish that he is the fugitive sought by the state of Texas. We disagree. In *Guy v. Nelson,* Colo., 630 P.2d 610 (1981), this court recently rejected a similar argument as made here, and ruled that:

"The identity between the name in the extradition document and the name in the governor's warrant establishes a *prima facie* case that the person charged as a fugitive is indeed the fugitive sought by the demanding state.... Once a *prima facie* showing of identity is made, the person charged as a fugitive must carry the burden of disproving the presumed identity.... Clear and convincing evidence must be shown by the accused that he is not the person sought in order to rebut the *prima facie* showing of identity...."

The extradition documents issued by the state of Texas and the Colorado governor's warrant both set forth the name of the fugitive as Bruce Cane Beverly. Thus, the presumption arose that the appellant is in fact the fugitive sought by the state of Texas. The minor discrepancy in the middle name, standing alone, does not affect this presumption under the facts of this case where appellant remained silent at the hearing with reference to any showing that he was not in fact the fugitive sought by the state of Texas, and where his petition for a writ of habeas corpus does not allege he is not in fact the fugitive named in the extradition documents. *See Richardson v. Cronin,* Colo., 621 P.2d 949 (1980); *Samples v. Cronin,* 189 Colo. 40, 536 P.2d 306 (1975); *Dilworth v. Leach,* 183 Colo. 206, 515 P.2d 1130 (1973).

As stated in section 13–45–103(1), C.R.S. 1973, habeas corpus proceedings are summary in nature. Under the facts of this

case, we therefore hold that it was incumbent upon the appellant to make some showing in his petition for a writ of habeas corpus or at the hearing that he was not in fact the person sought by Texas authorities. *See In re Extradition of Leonard*, 27 Ill. App.3d 870, 327 N.E.2d 480 (1975). Here, the appellant relies solely on a technical discrepancy in a middle name in challenging the sufficiency of the extradition documents. Under summary proceedings, sole reliance on such a technical item, when appellant does not allege or represent that he is not the fugitive, will not suffice to defeat extradition. *See Wollweber v. Martin*, 226 Ga. 20, 172 S.E.2d 605 (1970).

The judgment of the district court is affirmed.

LOHR, J., dissents.

DUBOFSKY, J., does not participate.

LOHR, Justice, dissenting.

The majority holds that at the hearing on the writ of habeas corpus it was sufficiently established that the petitioner-appellant was the same person sought by the State of Texas and named in the Colorado Governor's warrant. I respectfully dissent.

In a habeas corpus hearing in an extradition proceeding the People have the burden of showing that the petitioner is the person sought by the demanding state. *See, e.g.,* *Light v. Cronin*, Colo., 621 P.2d 309 (1980); *Samples v. Cronin*, 189 Colo. 40, 536 P.2d 306 (1975). A prima facie showing of identity is established when it is demonstrated that the name of the petitioner is identical to that appearing in the requisition documents. *Id.* Here, the names are not the same, so the People cannot rely on name correspondence to establish prima facie identity. No other evidence of identity was presented by the People to carry their burden of proof.

All the Texas extradition documents, as well as the Colorado Governor's warrant, described the fugitive sought as Bruce *Cane* Beverly. For the purpose of the hearing, the trial court accepted as a fact defense counsel's representation that the driver's license taken from the defendant when he was arrested in Colorado was issued to Bruce *Lane* Beverly and that he also had a birth certificate identifying him as Bruce *Lane* Beverly. The extradition papers contained no photographs, physical description, affidavits, or other information identifying the person sought. (*Compare* this case with *Richardson v. Cronin*, Colo., 621 P.2d 949 (1980), where an affidavit and photograph were utilized to resolve a question of identity raised by name discrepancies in extradition documents.) The only identification is the name, Bruce *Cane* Beverly, appearing numerous times in identical form in the extradition documents. The People presented no evidence to supplement the extradition documents to assist in identification of the defendant as the person sought.

At the conclusion of the hearing, the trial court indicated an intention to continue the case for a further evidentiary hearing on identity. However, when the defendant objected to the continuance, the court summarily discharged the writ.

The authorities cited by the majority establish that a person named Bruce Cane Beverly, sought as a fugitive from the State of Texas, is the same person so identified in the Governor's warrant. There is no basis in logic or in authority to create a presumption that the petitioner-appellant is that person. The discrepancy in name is too significant and the Bruce *Cane* Beverly designation is too frequently and consistently repeated in the extradition documents to dismiss this discrepancy as a typographical error without any additional evidence that the petitioner-appellant is the person sought. (*Compare* this case with *Dilworth v. Leach*, 183 Colo. 206, 515 P.2d 1130 (1973), where the petitioner's name was spelled *O'Dell* Di*l*worth in some of the extradition documents and *Odell* Di*ll*worth in others, and we held that the differences were in-

consequential, applying the doctrine of *idem sonans*.) The majority opinion shifts the burden of proof to the petitioner-appellant to show lack of identity without a legitimate basis for a presumption of identity to justify that shift.[1]

The majority relies on *In Re Extradition of Leonard*, 27 Ill.App.3d 870, 327 N.E.2d 480 (1975) in support of its argument that there is a presumption that Bruce *Lane* Beverly and Bruce *Cane* Beverly describe the same person. The name discrepancy in *In Re Leonard* was between *T. C.* Leonard and *Thomas* C. Leonard, names consistent, although not identical in form. *See Guy v. Nelson*, Colo., 630 P.2d 610 (1981). Similarly, in *Wollweber v. Martin*, 226 Ga. 20, 172 S.E.2d 605 (1970), also relied on by the majority, the court held that the petitioner, who acknowledged that he was *James Wollweber*, had the burden to show that he was not the *James W. Wollwebber* named in the Governor's warrant. Again, contrary to the instant case, the names are consistent. The majority offers no authority to support its novel holding that a presumption of identity can be recognized notwithstanding different and inconsistent middle names.

I would reverse the judgment of the district court, and remand the matter to grant the petition for habeas corpus, or for a further evidentiary hearing, in the trial court's discretion.

---

1. Only if the petitioner-appellant has the burden of proving that he is not the person sought is it relevant that he failed to disprove identity. In his petition it is simply stated "[t]hat this Petitioner is not shown to be the same person as the person alleged in the affidavit and warrant to be the perpetrator of the offense which are (sic) the basis for the extradition proceedings." This was sufficient to place identity in issue.