tion documents were properly authenticated.

The judgment of the district court is affirmed.

David F. Vela, Colorado State Public Defender, Patrick Vance, Deputy State Public Defender, Greeley, for appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Peter Stapp, Asst. Atty. Gen., Denver, for appellee.

Wayne EDMONDS, Appellant,

v.

Harold ANDREWS, Sheriff of Weld County, State of Colorado, Appellee.

No. 84SA425.

Supreme Court of Colorado, En Banc.

Feb. 25, 1985.

ERICKSON, Chief Justice.

This habeas corpus appeal centers on whether Wayne Edmunds, the person designated in the extradition documents, is in fact Wayne Edmonds. In an effort to defeat extradition, the petitioner presented to the district attorney a number of membership cards, credit cards, and a driver's license that included his picture. The documents were all admitted by stipulation (Exhibit B) at the habeas corpus hearing. The documents which the petitioner offered established that he lived in Springfield, South Dakota, that his last name, as set forth on the driver's license and cards, was spelled with an "o" and not a "u," and that he is known as Wayne Edmonds "Jr." The respondent sheriff offered into evidence the petitioner's statement relating to the alleged commission of the crimes in South Dakota, where the petitioner admittedly resided, and the district court admitted the statement.

The sufficiency of the extradition documents is conceded, apart from the different spelling of the name "Edmunds" and "Edmonds Jr." The sole issue is whether the extradition papers were sufficient to identify the petitioner in light of these differ-

ences. The petitioner presented no evidence apart from Exhibit B. The district court ordered that the petitioner be extradited based upon our decisions in *Beverly v. Davis,* 648 P.2d 621 (Colo.1982) and *Dilworth v. Leach,* 183 Colo. 206, 515 P.2d 1130 (1973), in which we held that when two names are spelled differently but sound alike in their pronunciation, they are regarded as the same under the doctrine of *idem sonans.*

Even if the similarity of "Edmunds" and "Edmonds," standing alone, is not enough to establish a prima facie showing of identity under *Davis* and *Leach,* because five of the seven documents presented by the petitioner identify him as "Wayne Edmonds Jr.," other evidence supports the demand for extradition. In addition to the identification of the petitioner through the extradition documents, the district court admitted a statement made by "Wayne Edmunds" relating to the alleged offenses in South Dakota and acknowledging his role in kidnapping and transporting the victim from South Dakota to Colorado. The district court found that the statement was made by the petitioner, and this finding was not challenged by the petitioner at the habeas corpus hearing or on appeal. We conclude that the petitioner's own admissions rebut any claim that he is not the same person sought to be extradited in South Dakota and are sufficient to establish identity for purposes of extradition. We therefore need not address the "Jr." issue.

We affirm.