**Richard MOORE, Petitioner-Appellant,**

v.

**John SIMONET, Manager of Safety and Ex-Officio Sheriff of the City and County of Denver, and Mose Trujillo, Warden of the Jail, City and County of Denver, and State of Colorado, Respondents-Appellees.**

No. 84SA64.

Supreme Court of Colorado, En Banc.

March 11, 1985.

David F. Vela, Colo. State Public Defender, Abelardo P. Bernal, Deputy State Public Defender, Denver, for petitioner-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Eric Perryman, Asst. Atty. Gen., Denver, for respondents-appellees.

ERICKSON, Chief Justice.

Richard Moore (petitioner) appeals from the district court's denial of habeas corpus relief and its order that he be returned to the state of California as a fugitive. The petitioner claims that the district court erred in finding that a prima facie showing of identity had been established and that he subsequently failed to prove by clear and convincing evidence that he was not the fugitive sought by the state of California. We affirm.

The California requisition was issued on September 9, 1983, seeking the return of "Richard C. Moore" for allegedly violating the terms of his parole after he had been convicted of assault with a deadly weapon. Included in the requisition were various court documents relating to the California assault conviction, which were accompanied by a description and two photographs of "Richard C. Moore." All of the accompanying documents were certified by the California Parole and Community Services Division as being authentic and were authenticated in accordance with California law. The Colorado governor's warrant was issued on September 26, 1983, naming "Richard C. Moore" as the fugitive to be extradited.

The petitioner asserted in a habeas corpus proceeding that his name was "Richard D. Moore" and that he was not the fugitive named in the extradition documents. At the habeas corpus hearing, the petitioner testified that he had never been to the state of California, that he was not the Richard Moore who was a fugitive from California, and that he was not the individual described and pictured in the California requisition documents. The district court subsequently found that a prima facie showing of identity was created by the extradition documents and that the petitioner, through his testimony, had failed to rebut the showing by clear and convincing evidence.

■ The identity by name of the accused in the Colorado governor's warrant, the requisition, and the original fugitive complaint filed pursuant to section 16–19–114, 8 C.R.S. (1978), creates a prima facie showing that the person charged as a fugitive is indeed the fugitive sought by the demanding state. *Lucero v. Martin,* 660 P.2d 902 (Colo.1983); *Guy v. Nelson,* 630 P.2d 610 (Colo.1981); *Richardson v. Cronin,* 621 P.2d 949 (Colo.1980); *Light v. Cronin,* 621 P.2d 309 (Colo.1980). While the presumption of identity will not arise under some circumstances due to discrepancies between the name contained in the extradition documents and the name alleged in the fugitive complaint, a prima facie showing of identity may be created in such cases by other evidence identifying the fugitive, such as photographs, physical descriptions, affidavits, or other identifying information. *See, e.g., Cates v. Sullivan,* 696 P.2d 322 (Colo.1985) (photograph with appropriate affidavit); *Edmonds v. Andrews,* 696 P.2d 325 (Colo.1985); (petitioner's confession); *Miller v. Debekker,* 668 P.2d 927 (Colo.1983) (photograph with appropriate affidavit); *cf. Beverly v. Davis,* 648 P.2d 621 (Colo.1982) (minor discrepancy in middle names; petitioner did not allege he was not the fugitive named in the extradition documents); *Dilworth v. Leach,* 183 Colo. 206, 515 P.2d 1130 (1973) (similar names regarded as the same under doctrine of *idem sonans* ).

■ Annexed to the requisition in this case was a document that contained a description and two photographs of the fugitive sought by the state of California. The district court found that the petitioner's appearance generally matched the description contained in the requisition documents and that his features were nearly identical to those appearing in the photographs. Inasmuch as the annexed documents were duly authenticated as depicting the Richard Moore who was a California fugitive, the district court properly found that a prima facie showing of identity was established.

■ The district court also found that the petitioner failed to rebut the prima facie showing of identity created by the extradition documents and photographs. The petitioner denied at the habeas corpus hearing the allegations contained in the California extradition documents and testified that he had been living in Colorado continually for the past seven years, that he had lived in a house at 3410 Welton for the first three years, and that since that time he had been living "on the streets of Denver." The district court found, however, that the petitioner failed to present any evidence corroborating his residence in Colorado for the asserted period of time. The court concluded that in light of the strong showing of identity established by the description and photographs, the petitioner's testimony was not sufficient to rebut by clear and convincing evidence the presumption that he was the fugitive sought by the state of California. We conclude that the findings and conclusions with respect to identity are supported by the record and are not manifestly erroneous, and that the district court properly discharged the writ of habeas corpus. *Miller v. Debekker,* 668 P.2d at 929; *Vigil v. Martinez,* 661 P.2d 1164 (Colo.1983).

The judgment of the district court is affirmed.