Duane R. ROY, Appellant,

v.

L. John SIMONET, Manager of Safety and Ex-Officio Sheriff of the City and County of Denver, and Mose Trujillo, Warden of the Jail, City and County of Denver, and State of Colorado, Appellees.

No. 84SA434.

Supreme Court of Colorado,
En Banc.

March 11, 1985.

---

David F. Vela, Colorado State Public Defender, Claudia Jordan, Deputy State Public Defender, Denver, for appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Peter Stapp, Asst. Atty. Gen., Denver, for appellees.

ERICKSON, Chief Justice.

In this extradition proceeding, the petitioner appeals the discharge of his petition for writ of habeas corpus. The sole issue on appeal is whether the extradition documents create a prima facie showing of identity. Both the California requisition and the Colorado governor's warrant name "Duane Richard Roy" as the fugitive sought to be extradited. Among the documents annexed to the California requisition documents is a felony complaint naming "Duane Richard Roy a/k/a William Thomas Roy," and an affidavit stating that birth certificates for Duane Richard Roy and William Thomas Roy were obtained during the investigation and were to be used as evidence. The affidavit also stated that the petitioner was believed to have assumed the name of his deceased brother, William Thomas Roy. The petitioner asserts that inasmuch as Duane Richard Roy and William Thomas Roy are different individuals, the reference to "a/k/a William Thomas Roy" in the annexed documents defeats a prima facie showing of identity. We disagree.

The identity by name of the accused in the Colorado governor's warrant, the requisition, and the original fugitive complaint filed pursuant to section 16–19–114, 8 C.R.S. (1978), creates a prima facie showing that the person charged as a fugitive is indeed the fugitive sought by the demanding state. *Lucero v. Martin*, 660 P.2d 902 (Colo.1983); *Beverly v. Davis*, 648 P.2d 621 (Colo.1982); *Guy v. Nelson*, 630 P.2d 610 (Colo.1981); *Richardson v. Cronin*, 621 P.2d 949 (Colo.1980); *Light v. Cronin*, 621 P.2d 309 (Colo.1980). In this case, the petitioner did not assert in his petition for writ of habeas corpus or at the hearing on the petition that he is not Duane Richard Roy, or that he is not the fugitive sought by the state of California. *See Beverly v. Davis*, 648 P.2d at 622. The fact that the petitioner may have adopted as an alias the name of a living or once-living individual does not defeat the presumption that he is the fugitive sought by the demanding state that is created by the identity of names on the extradition documents. The record in this case supports the trial court's order for extradition.

We affirm.