Danny Ray HODGES,
Petitioner-Appellant,

v.

Bernard J. BARRY, Sheriff of El Paso
County, Respondent-Appellee.

No. 85SA4.

Supreme Court of Colorado,
En Banc.

July 1, 1985.

Gary S. Craw, Colorado Springs, for petitioner-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Solicitor Gen., Peter J. Stapp, Asst. Atty. Gen., Denver, for respondent-appellee.

ERICKSON, Chief Justice:

In this extradition proceeding, the petitioner, Danny Ray Hodges, appeals the denial of his Crim.P. 35 motion which alleged that he received ineffective assistance of counsel on appeal following the discharge of the writ of habeas corpus. We affirm.

I.

On November 3, 1983, two separate informations were filed in El Paso County District Court, charging "Danny Ray Hodges" and "Danny Ray Hodges aka Melvin Eugene Harris aka Daniel R. Beaver

aka Jimmy R. Simpson" as a fugitive from the state of Oklahoma. The Oklahoma requisition and accompanying documents named "Danny Ray Hodges" as the fugitive to be extradited, and were issued on November 10, 1983. The Colorado governor's warrant, which named "Danny Ray Hodges aka Danny Rae Hodges," was issued on November 25, 1983.

The petitioner sought habeas corpus relief in the district court asserting that his identity as the fugitive to be extradited was not sufficiently established by the extradition documents. The district court discharged the writ of habeas corpus following a hearing, and the petitioner's court-appointed counsel thereafter obtained a stay of execution of extradition and commenced an appeal of the district court's ruling. The petitioner's attorney was granted two extensions of time in order to file an appellate brief. However, after researching the legal issues involved in the case, the attorney informed the petitioner that, in his view, there was no legal basis for an appeal. No appellate brief was filed on behalf of the petitioner, and the appeal was dismissed by this court on August 8, 1984. A second attorney was thereafter appointed, who filed a motion for relief pursuant to Crim.P. 35(c) alleging that the petitioner was denied his right to effective assistance of counsel because of the failure to file an appellate brief. The motion was denied by the district court.

## II.

The petitioner asserts that the district court erred in denying his Crim.P. 35(c) motion. He claims that the decision of his first appointed attorney not to file an appellate brief was a breach of an express agreement to prosecute an appeal of the denial of habeas corpus relief, and constituted ineffective assistance of counsel. The petitioner also asserts that there were meritorious grounds to support an appeal following the denial of habeas corpus relief. We disagree with both of the petitioner's assertions.

■ Although the petitioner filed a motion for relief pursuant to Crim.P. 35(c), the rule establishes post-conviction remedies and is not an appropriate means to challenge rulings made in extradition proceedings. The proper means to challenge alleged statutory or constitutional violations in an extradition proceeding is through a petition for a writ of habeas corpus. *See Capra v. Miller*, 161 Colo. 448, 422 P.2d 636 (1967) (only judicial relief available to an accused in extradition proceedings is that of habeas corpus). However, to expedite the appeal and the extradition proceedings, we treat the Crim.P. 35(c) motion as a request for habeas corpus relief, and address the merits of petitioner's claim.

The district court found that after instituting an appeal on behalf of the petitioner and obtaining several extensions of time from this court, the petitioner's first attorney researched the legal issues involved in the case and reached the conclusion that the appeal was frivolous. The attorney advised the petitioner of his conclusion and informed him that he did not plan to file an appellate brief and that the appeal would be dismissed. The district court found that there was no indication from the petitioner that he was in disagreement with his lawyer's advice or that he wished to continue the appeal. The court concluded that under the circumstances there was no fraud, deception, or breach of an agreement to prosecute the appeal on the part of the lawyer, that the petitioner acquiesced in the decision not to pursue an appeal, and that there were, in fact, no meritorious grounds to continue with an appeal.

■ We agree with the district court that the assistance and advice provided by counsel in this case with regard to the petitioner's pursuit of his appellate rights did not fall outside the range of competence demanded of lawyers in criminal cases. *Cf. Stroup v. People*, 656 P.2d 680 (Colo.1982). We have held on numerous occasions that the identity by name of the accused in the Colorado governor's war-

rant, the requisition, and the original fugitive complaint creates a prima facie showing that the person charged as a fugitive is indeed the fugitive sought by the demanding state. *Moore v. Simonet*, 696 P.2d 823 (Colo.1985); *Lucero v. Martin*, 660 P.2d 902 (Colo.1983). In this case, counsel for the petitioner correctly concluded that the adoption by the petitioner of an alias that was included in one or more of the extradition documents does not, of itself, defeat a prima facie showing of identity. *Roy v. Simonet*, 696 P.2d 822 (Colo.1985); *Beverly v. Davis*, 648 P.2d 621 (Colo.1982). Counsel's decision not to pursue a frivolous appeal under such circumstances was in compliance with his ethical obligations, *see Code of Professional Responsibility* DR7–102(A)(2), and the determination by the district court that the decision did not constitute a breach of an agreement to prosecute and was made with the knowledge and acquiescence of the petitioner is fully supported by the record.[1]

The judgment of the district court is affirmed.

---

**1.** In view of the factual determination by the district court that the petitioner was advised of, and acquiesced in, his lawyer's decision not to file an appellate brief, and its conclusion that there were in fact no legal grounds upon which to base an appeal, we are not required to determine whether the lawyer's action in this case was improper under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).