**Joseph COUNCIL, Petitioner-Appellant,**

**v.**

**J.D. MacFARLANE, Manager of Safety and Ex-Officio Sheriff of the City and County of Denver; and Mose Trujillo, Warden of the Jail of the City and County of Denver, and State of Colorado, Respondents-Appellees.**

**No. 85SA197.**

Supreme Court of Colorado,
En Banc.

Dec. 2, 1985.

---

David F. Vela, Colorado State Public Defender, Abelardo P. Bernal, Deputy State Public Defender, Denver, for petitioner-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Eric Perryman, Asst. Atty. Gen., Denver, for respondents-appellees.

KIRSHBAUM, Justice:

The petitioner, Joseph Council,[1] appeals the trial court's judgment denying his request for habeas corpus relief in connection with extradition proceedings pending against him. The petitioner alleges that the respondents failed to establish a prima facie case of identity and, alternatively, that in any event the petitioner established by clear and convincing evidence that he is not the person described as a fugitive in the requisition documents filed with the trial court. We affirm.

On November 13, 1984, an information was filed against the petitioner in the trial court pursuant to the Uniform Criminal Extradition Act, §§ 16–19–101 to –133, 8 C.R.S. (1978). The information alleged that Joseph H. Council had committed the crimes of burglary and sexual assault in the State of Texas and had fled from jus-

---

1. The notice of filing of the notice of appeal recites the name of the petitioner as "Joseph Council." The caption of the pleadings in the trial court proceedings states the petitioner's name to be "Joseph H. Council."

tice in that state. The petitioner was arrested and incarcerated, being unable to meet the bond set by the trial court. A demand for the extradition of Joseph Howard Council was executed by the Governor of the State of Texas on November 27, 1984, and a warrant for the arrest of Joseph Howard Council was executed on December 12, 1984, by the Governor of Colorado.

On January 11, 1985, the petitioner filed a petition for writ of habeas corpus challenging the sufficiency of the documents. At the April 26, 1985, evidentiary hearing on that petition, the respondents introduced testimony from Denver deputy sheriff Ben Vargas, Denver police officer Ronald Cass, and Denver police technician Don Stamey with respect to the identity of the petitioner. Vargas testified that he obtained fingerprints from the petitioner on November 7, 1984. The set of fingerprints taken by Vargas was introduced into evidence. Cass testified that Texas officials forwarded to him a set of fingerprints of the Joseph Howard Council described in the extradition documents. That set of fingerprints was also introduced into evidence. Stamey testified that the two sets of fingerprints were of the same person. The extradition papers from Texas and the Colorado governor's warrant were also received as evidence. The petitioner made no objection to the admission of this evidence and offered no evidence on his own behalf.

■ In extradition proceedings, when an accused seeks release by means of habeas corpus, the respondent has the initial burden of establishing a prima facie case of identity. *Moore v. Simonet,* 696 P.2d 823 (Colo.1985); *Beverly v. Davis,* 648 P.2d 621 (Colo.1982); *Guy v. Nelson,* 630 P.2d 610 (Colo.1981); *Light v. Cronin,* 621 P.2d 309 (Colo.1980). Once that burden is satisfied, the accused must establish by clear and convincing evidence that he or she is not the person described as the fugitive. *Deas v. Cronin,* 190 Colo. 177, 544 P.2d 991 (1976).

The petitioner here does not disagree with these principles. Rather, he argues that the respondents failed to establish a prima facie case of identity because the documents they introduced do not permit any presumption that the petitioner is in fact the fugitive sought by the State of Texas. The petitioner notes that cases such as *Light v. Cronin,* 621 P.2d 309, *Samples v. Cronin,* 189 Colo. 40, 536 P.2d 306 (1975), and *Hithe v. Nelson,* 172 Colo. 179, 471 P.2d 596 (1973), establish the principle that when the name of the person in custody is identical to the name recited in the requisition documents as a fugitive from justice, the introduction of the requisition documents into evidence creates a rebuttable presumption that the person charged is the person who fled and, therefore, establishes the requisite prima facie case of identity. Noting that the pleadings before the trial court in this case refer to the petitioner as "Joseph H. Council," while the name used in the requisition documents and in the governor's warrant to describe the fugitive from Texas is "Joseph Howard Council," the petitioner concludes that the respondents cannot benefit from the evidentiary presumption established by *Light, Samples* and *Hithe.*

■ However, this court has also recognized a second evidentiary presumption which, in appropriate cases, may arise: that an identity between the name of the person appearing in the requisition documents and the name of the person referred to in the governor's warrant also raises a rebuttable presumption that the person charged in the extradition proceedings is the alleged fugitive. *See, e.g., Guy v. Nelson,* 630 P.2d 610 (Colo.1981); *Richardson v. Cronin,* 621 P.2d 949 (Colo.1980). In this case, the respondents satisfied this second evidentiary presumption. Furthermore, these presumptions become critical only in cases wherein this type of documentary evidence is the only evidence relied upon to establish the requisite prima facie case of identity. *See Beverly v. Davis,* 648 P.2d 621, 623 (Colo.1982) (Lohr, J., dissenting). In this case, the respondents also introduced fingerprint evidence to establish that the petitioner is the person sought by

the State of Texas. We conclude that the respondents fully satisfied the requirement of establishing a prima facie case of the petitioner's identity.

■ The petitioner's argument that he established by clear and convincing evidence that he is not the person described in the requisition documents is even less persuasive. The petitioner introduced no evidence, and his cross-examination of the respondents' witnesses did not create such evidence. On the basis of the record here presented, the trial court correctly concluded that the petitioner failed to establish by clear and convincing evidence that he is not the fugitive sought by the State of Texas.

The judgment of the trial court is affirmed.