No. 88-512

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

---

IN RE THE MATTER OF
GARY HENRICHS,

      Petitioner and Appellant.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Robert W. Holmstrom, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Terry L. Seiffert, Billings, Montana

    For Respondent:

        Marc Racicot, Attorney General, Helena, Montana
        Clay Smith, Asst. Attorney General, Helena, Montana
        Harold F. Hanser, Yellowstone County Attorney,
        Billings, Montana
        Curtis L. Beldoven, Deputy Yellowstone County Attorney,
        Billings, Montana

---

Submitted on Briefs: March 9, 1989

Decided: April 12, 1989

Filed:

Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Petitioner appeals the denial of his writ of habeas corpus. The Thirteenth Judicial District Court, Yellowstone County, held that the misspelling of petitioner's name on the complaint and arrest warrant issued in Idaho did not render the extradition proceedings in Montana defective. Consequently, the court denied Gary Henrichs' petition for release. We affirm.

Henrichs presents the following issue upon appeal:

Did the District Court err in holding that the petitioner Gary Henrichs had the burden of proving beyond a reasonable doubt that he was not the individual named "Gary Hendricks" in the charging documents accompanying the Governor of Idaho's request for extradition?

On February 12, 1988, the Governor of Idaho requested the Governor of Montana to extradite "Gary Clark Henrichs a/k/a Gary Henrichs." This extradition request was accompanied by a requisition application, filed by the prosecuting attorney of Canyon County, Idaho, requesting the apprehension and rendition of Gary Henrichs for his crime of grand theft in Idaho. A copy of the criminal complaint charging "Gary Hendricks" with grand theft, together with a copy of the arrest warrant issued under the same name and describing the suspect as a 5'11" tall, 220 pound male, born June 14, 1941, also accompanied the extradition request. In response, the Governor of Montana on February 25, 1988 issued a warrant for the arrest of "Gary Clark Henrichs a/k/a Gary Henrichs."

On March 8, 1988, Henrichs filed a petition for writ of habeas corpus. He alleged that his arrest and detention in Montana was unlawful because the charging documents

2

accompanying the extradition request named "Gary Hendricks" rather than "Gary Henrichs." Henrichs contended the State of Montana failed to meet its burden of proof which required the State to show that he was the same man as the "Hendricks" charged.

On August 16, 1988, the District Court denied Henrichs' writ. The court held that the complaint and arrest warrant had inadvertently misspelled Henrichs' name as "Hendricks." Such a technical error did not affect the presumption, arising upon issuance of the Montana Governor's warrant, that the accused and the wanted fugitive were the same. Because of this presumption, petitioner had the burden of establishing beyond a reasonable doubt that he was not the "Gary Hendricks" charged in the criminal complaint issued in Idaho which gave rise to the extradition request. The court held that Henrichs failed to meet this burden, and thus it denied his petition for release. Henrichs appealed this denial of his petition.

This Court has previously held that when a foreign state requests the extradition of a fugitive, the Governor of the asylum state has the duty of determining whether the person demanded has been substantially charged with a crime and whether the person is indeed a fugitive. State ex rel. Hart v. District Court (1971), 157 Mont. 287, 291, 485 P.2d 698, 701, citing from Bruzaud v. Matthews (D.C. Cir. 1953), 207 F.2d 25; see also § 46-30-211(2), MCA. A determination of whether the person demanded has been substantially charged with a crime only requires inquiry into:

> . . . (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; [and] (c) whether the petitioner is the person named in the request for extradition . . .

3

Michigan v. Doran (1978), 439 U.S. 282, 289, 99 S.Ct. 530, 535, 58 L.Ed.2d 521, 527; see also In re Petition of Blackburn (1985), 215 Mont. 440, 701 P.2d 715.

Petitioner does not dispute that he is the person named in the Idaho Governor's extradition request. Henrichs does contend, however, that he was not charged with a crime in Idaho. He argues that the extradition documents, accompanied by the complaint and arrest warrant charging a "Gary Hendricks" with grand theft, were not in order on their face.

Petitioner's contentions are without merit. This Court has previously held that a person may not be released on a writ of habeas corpus because of a technical defect if the defect does not substantially affect his rights. Petition of Eldiwitw (1969), 153 Mont. 468, 471, 457 P.2d 909, 910. The issuance of the criminal complaint and arrest warrant for "Gary Hendricks," rather than for "Gary Henrichs," appears to be just such a technical defect. The arrest warrant which accompanied the extradition request described Gary Hendricks as a 5'11" tall, 220 pound male, born June 14, 1941. This description matches the description on the driver's license of Gary Henrichs. The correct description of Henrichs in the arrest warrant indicates the petitioner was substantially charged with a crime in Idaho.

The doctrine of idem sonans further supports the District Court's determination that the petitioner was substantially charged with a crime in Idaho. According to this doctrine, two names spelled differently will be regarded as the same if they "sound alike in their pronunciation." Dilworth v. Leach (Colo. 1973), 515 P.2d 1130, 1131. In Dilworth, the petitioner, O'Dell Dilworth, was named as "Odell Dillworth" in documents (other than the charging documents) accompanying the demanding governor's extradition request. The Colorado court held that omission of the

4

apostrophe and addition of an "l" in the surname was not sufficient to mislead the petitioner. Id.

The facts in the present case differ slightly from those in Dilworth. The extradition request by Idaho correctly named "Henrichs," while the accompanying charging documents named "Hendricks." The applicability of the doctrine, however, does not hinge on where the misspelling occurred. Rather, it depends on the extent of the misspelling. See, e.g., Edmonds v. Andrews (Colo. 1985), 696 P.2d 325 (upholding the extradition of Wayne Edmonds, Jr. even though the extradition papers requested "Wayne Edmunds"); see generally State v. Davila (Fla.Dist.Ct.App. 1985), 481 So.2d 486 (upholding the extradition of Enrique Davila even though the extradition papers requested "Enrique Davila Torres a/k/a 'Kiki,'" this extradition request was accompanied by a photograph of the requested fugitive). Courts will not apply the doctrine when the extradition papers cite an entirely different name than that name charged without any proof that the two named persons are in fact the same individual. See, e.g., People v. Cheek (Ill. 1982), 442 N.E.2d 877 (holding the extradition of Michael Asbell was invalid because no proof was offered to show that he and the charged "Frederick Leroy Cheek, Jr." were the same individual); Lee Gim Bor v. Ferrari (1st Cir. 1932), 55 F.2d 86 (invalidating the extradition of Lee Gim Bor because no proof was offered to show that he and the indicted "John Doe" were one and the same).

We hold as did the Colorado court in Dilworth, that the extent of the discrepancy between the named Idaho fugitive and the accused petitioner are minimal. The charging documents simply added a "d" and substituted a "k" for an "h". The District Court thus did not abuse its discretion when it applied the doctrine of idem sonans, determined under

5

this doctrine that petitioner had been substantially charged with a crime in Idaho, and upheld the validity of the Montana Governor's warrant.

Once the Governor of Montana has issued a warrant for the arrest and extradition of an accused, a presumption arises that the accused is the demanded fugitive. This presumption is "sufficient to justify his arrest, detention and delivery to the demanding state." State ex rel. Hart, 485 P.2d at 702, citing Soloman v. Warden (Md. 1969), 260 A.2d 68. The burden of proof then shifts to the accused to prove beyond a reasonable doubt that he is not the fugitive charged in the demanding state. Henrichs failed to introduce any evidence showing he was not the "Hendricks" charged in Idaho with grand theft. We therefore hold that the District Court was correct in denying Henrichs' writ of habeas corpus.

Affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

6