2007 VT 110




Lively
v. Northfield Savings Bank (2007-165)


 


2007
VT 110


 


[Filed
05-Oct-2007]


 


NOTICE: 
This opinion is subject to motions for reargument under V.R.A.P. 40 as well as
formal revision before publication in the Vermont Reports.  Readers are
requested to notify the Reporter of Decisions, Vermont Supreme Court, 109 State
Street, Montpelier, Vermont 05609-0801 of any errors in order that corrections
may be made before this opinion goes to press.


 


 


                                                                   
2007 VT 110


 


                                                                  
No.
2007-165


 


 


Jeffrey
W.
Lively and Rebecca L.
Lively                                       
Supreme
Court


 


On
Appeal from


    
v.                                                                                                
Washington
Superior Court


 


 


Northfield
Savings Bank, Kenneth Bayley
d/b/a                           
September Term,
2007


Prime Choice
Builders and Mortgage Electronic 


Registration
Systems, Inc.


 


 


Mary Miles
Teachout, J.


 


William L.
Durrell of Benjamin, Bookchin & Durrell, P.C., Montpelier, for
Plaintiffs-Appellants.


 


Chad V. Bonanni
of Bergeron, Paradis & Fitzpatrick, LLP, Essex Junction, for Defendant-


  Appellee
Mortgage Electronic Registration Systems, Inc.


 


 


PRESENT:  Reiber,
C.J., Dooley, Johnson, Skoglund and Burgess, JJ.


 









¶  1.          
DOOLEY, J.   In this judgment-lien-foreclosure
action, the plaintiffs, Jeffrey and Rebecca Lively, challenge a decision of the
superior court, granting summary judgment to defendant, Mortgage Electronic
Registration Systems, Inc. (MERS).  The court concluded that plaintiffs had
failed to perfect their judgment lien against debtor, Kenneth Bayley, because
the court issuing the judgment misspelled debtor’s surname and failed to
include in the judgment order the date on which the judgment became final.  The
superior court also determined that, even if the judgment lien was enforceable
against debtor’s property, the lien was junior to defendant’s security
interest, because at the time the judgment was recorded, debtor and his former
wife held the property at issue as tenants by the entirety.  Because we
conclude that the misspelling of debtor’s name was fatal to the enforcement of
the judgment lien, we affirm.


¶  2.          
The material facts of
this case are not disputed.  Plaintiffs’ troubles began when they recorded in
the land records of the Town of Fayston an arbitration judgment granted to them
by the Washington Superior Court against the debtor, Kenneth Bayley, who owned
a house in Fayston, Vermont with his then wife.  The order drafted by the court
did not contain either the date the judgment became final or the correct
spelling of Mr. Bayley’s name, which appeared in the document as “Bailey.”  The
Livelys failed to notice these errors, and they recorded the judgment with the
misspelled name in September of 2005.  The town clerk indexed the judgment
under the spelling of debtor’s name, “Bailey,” that was contained in the order.



¶  3.          
The following May,
debtor refinanced his residence in Fayston.   As part of a divorce settlement,
debtor received the property interest his wife held as a tenant by the entirety
in return for the proceeds of this refinancing.  At the same time that
defendant’s wife recorded a quitclaim deed memorializing this transaction,
defendant executed a mortgage in favor of defendant, Northfield Savings Bank
(NSB).  In turn, NSB assigned the mortgage to MERS.  Before NSB recorded the
mortgage, its attorney performed a title search and found no liens or judgment
orders indexed under the name “Kenneth Bayley.”  Thereafter, both the mortgage
and the assignment agreements were duly recorded in the Fayston land records. 









¶  4.          
In June of 2006,
plaintiffs filed an action to foreclose the judgment lien they held against the
debtor’s Fayston residence.  The action alleged that the interest of MERS was
inferior to that of plaintiffs.  After plaintiffs moved for summary judgment,
MERS then filed a cross-motion for summary judgment, arguing that plaintiffs’
judgment lien was fatally defective because: (1) debtor’s name was misspelled
in the judgment order; or (2) the order was not recorded as required for record
notice, because it did not contain the date on which the judgment became final,
12 V.S.A. § 2904.  In the alternative, MERS argued that even if the court
concluded that an enforceable lien was created, the resulting lien would be
junior to the security interest held by MERS, because debtor and his wife held
the property at issue as tenants by the entirety.  In a terse entry order, the
trial court granted MERS summary judgment on each of these three grounds.  This
appeal followed.


¶  5.          
We review a grant of
summary judgment de novo.  Town
of Lunenburg v. Supervisor & Bd. of Governors of Unorganized Towns &
Gores of Essex County, 2006 VT 71, ¶ 6, __Vt. __, 908 A.2d 424 (mem.).  We
will affirm a grant of summary judgment when there are no genuine issues of
material fact and the prevailing party is entitled to judgment as a matter of
law. V.R.C.P. 56(c)(3); Zukatis v. Perry, 165 Vt. 298, 300, 682 A.2d
964, 965 (1996).  When both parties seek summary judgment, each must be given
the benefit of all reasonable doubts and inferences when the opposing party’s
motion is being evaluated. Toys, Inc. v. F.M. Burlington Co., 155 Vt.
44, 48, 582 A.2d 123, 125 (1990).   We conduct a plenary, nondeferential review
of the questions of law presented by the summary judgment motion.   Hardwick
Recycling & Salvage, Inc. v. Acadia Ins. Co., 2004 VT 124, ¶ 14, 177
Vt. 421, 869 A.2d 82. 









¶  6.          
Plaintiffs’ primary
contention on appeal is that the common-law doctrine of idem sonans
excuses what would otherwise be a fatal misspelling of debtor’s name.  The
phrase “idem sonans” means “of the same sound,” and the related doctrine
suggests that mistakes in spelling should be considered immaterial if both the
correct and the incorrect spellings have the same sound and if the record and
the judgment together point out with certainty the person and the subject
matter to be bound.  See 5 R. Powell, Powell on Real Property § 38.04 [3]
(2002).   In particular, the doctrine has been applied when the names of
otherwise clearly identified parties, objects, or places are misspelled in
civil or criminal proceedings.  See, e.g., Purifoy v. State, 822 S.W.2d
374, 379 (Ark. 1991) (applying idem sonans and concluding that a
misspelling of murder victim’s name is not fatal to indictment); Edmonds v.
Andrews, 696 P.2d 325, 325 (Colo. 1985) (applying idem sonans
and determining that misspelling of otherwise identified defendant’s name was
not fatal to rendition order).


¶  7.          
We agree with
plaintiffs that this Court has “long recognized” the doctrine of idem sonans.
See, e.g., State v. Wheeler, 35 Vt. 261, 263 (1862) (misspelling of
defendant’s name was not fatal to indictment); McMahan v. Green, 34 Vt.
69, 70-71 (1861) (same).  We do not agree, however, that our idem sonans
jurisprudence justifies the application of the doctrine to the facts of this
case.  As the New Hampshire Supreme Court noted, the issue of whether it is
appropriate to apply the doctrine “boils down to a question of notice.”  Brady
v. Mullen, 649 A.2d 47, 49 (N.H. 1994).  When all of the parties to an
action can plainly identify the person, place, or thing at issue, the
misspelling of a name cannot be said to deprive those parties of notice.  See id.









¶  8.          
A final judgment in a
civil action becomes a lien “on any real property of a judgment debtor if
recorded” in the town clerk’s office of the town in which real property of the
debtor is located.  12 V.S.A. §§ 2901, 2904.  The town clerk must record the
certified copy of the judgment “in the land records.”  Id. § 2904.  In
order for persons to be able to search documents recorded in the land records,
the town clerk must keep a general index of such documents, 24 V.S.A. §
1161(a), as well as an index of each volume.  Id. § 1154(d).  For
natural persons, “the name shall be indexed under the first letter of such
person’s surname.”  Id. § 1161(a).  As the New Hampshire Supreme Court
observed in Brady, “[t]he key to proper notice, in this index context,
is the proper spelling of the [debtor’s] name and the resulting proper
alphabetical placement.”  649 A.2d at 49-50.  Applying idem sonans
to a name index would defeat the purpose of the index.  


¶  9.          
The majority of other
courts that have recently considered the same issue have come to the same
conclusion with respect to the application of idem sonans
to name-index searches.  See Orr v. Byers, 244 Cal. Rptr. 13, 16-17
(Cal. Ct. App. 1988); Waicker v. Banegura, 745 A.2d 419, 432-33 (Md.
2000); National Packaging Corp. v. Belmont, 547 N.E.2d 373, 376 (Ohio
Ct. App. 1988).  We are persuaded by the reasoning of these decisions as it
applies to surnames that must be searched in name indices.  If we applied the
doctrine in the context of this case, we would effectively require index
searchers to think of every possible spelling of a surname.  In addition to
being time-intensive and “financially prohibitive,” id., plaintiff’s
construction would be an unfair burden on index searchers, particularly in
relation to the filer, who need only check that the name on the document being
filed is accurate.  We agree with the Belmont court that it is enough to
require index searchers to make a diligent, thorough inquiry.  We should not
expect them to do the work of “poets, phonetic linguists, or multilingual
specialists.”  Id.


¶  10.       We recognize that there may be instances
where idem sonans may be applicable to first and middle
names when surnames match, as well as in instances where combinations of first
and middle names and initials are used differently.  See, e.g., Franklin
Bank v. Bowling, 74 P.3d 308, 314-15 (Colo. 2003) (title searcher was on
constructive notice of judgment lien filed against “Grady Merritt” even though
search was for liens against “T. Grady Merritt,” where Grady was debtor’s
middle name).  We take no position on those circumstances.









¶  11.       Plaintiffs’ reliance on this Court’s
decision in Haner v. Bruce, 146 Vt. 262, 499 A.2d 792 (1985) in arguing
against this result is misplaced.  In Haner, plaintiffs presented an
error-free copy of the relevant attachment writ to the town clerk, who
subsequently misfiled the order.   Finding in plaintiffs’ favor, we based our
holding on two main considerations.  First, we concluded that “the filer need
not undertake to verify the correctness of indexation after the recording
officer has accepted a properly completed submission.”  Id. at 265,
499 A.2d at 794 (emphasis added).  Second, we reasoned that it would be
impractical to require that the filer double-check to make sure that the clerk
has not made an error.  Id.  The index-searcher, we noted, was in a
better position to discover errors made by the filing clerk than would be the
filer.  Id.


¶  12.       Contrary to plaintiffs’suggestion, Haner
is plainly distinguishable from this case in two significant respects.  Unlike
the plaintiffs in Haner, the Livelys did not present a properly
completed submission to the town clerk.  Indeed, the language of Haner
suggests that, before an order is submitted to the town clerk, the filer must
“undertake to verify the correctness of the indexation.”  Id.  As we
noted, it would be impractical in this case to require the index searcher to
identify every possible alternative spelling of debtor’s surname.  The
practical considerations that guided our judgment in Haner disfavor
plaintiffs here. 









¶  13.       We are not unsympathetic to plaintiffs,
who, by all accounts, received a defective judgment order from the Washington
Superior Court through no fault of their own.  However, in filing the order as
a lien, plaintiffs had the opportunity and responsibility to identify and
correct the misspelling of the debtor’s last name.  Nor, as we have explained,
does plaintiffs’ plight justify an application of idem sonans to
a name-index search.  Because we determine that the misspelling of debtor’s
last name rendered plaintiffs’ judgment lien unenforceable, we need not address
the other grounds on which the trial court granted summary judgment. 


Affirmed.


 


 


FOR
THE COURT:


 


 


_______________________________________


Associate
Justice